John J. GRAHAM and Warren H. Graham, Appellants,

v.

TRIANGLE PUBLICATIONS, INC. (counterclaimants) (Appellee),

v.

John J. GRAHAM et al. (counter-defendants),

and

Delaware Valley Newsdealers' Association (additional counterdefendant).

No. 15090.

United States Court of Appeals Third Circuit.

Argued April 9, 1965.

Decided April 26, 1965.

Richard C. Bull, White & Williams, Philadelphia, Pa. (W. Wilson White and Michael H. Malin, Philadelphia, Pa., on the brief), for appellants.

William T. Coleman, Jr., Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa. (Harold E. Kohn, David H. Marion, Philadelphia, Pa., on the brief), for appellee.

Before GANEY and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.

PER CURIAM.

Plaintiffs, home delivery carriers, brought this antitrust action to enjoin the defendant, Triangle Publications, Inc., from refusing to sell and deliver the Philadelphia Inquirer to them and to recover treble damages. Defendant counterclaimed against the plaintiffs and a number of other suburban newsdealers and a newsdealer's association, whom they joined, claiming that they conspired

to fix the resale price of the Inquirer in violation of the antitrust law.

On plaintiffs' application for a preliminary injunction a number of questions were presented to the court below. Was the defendant's alleged refusal to deal with the plaintiffs or others who violated the fixed retail dealer price of the Inquirer a unilateral refusal to deal or was it a subject of agreement with other dealers? What is the effect of the McGuire Act (15 U.S.C. § 45) and the Pennsylvania Fair Trade Act (Act of June 5, 1935, P.L. 266, § 1, as amended, 73 P.S. § 7) on such practices? What meaning is to be given in the present circumstances to the provisions of these statutes limiting their coverage to products in "free and open competition with commodities of the same general class produced or distributed by others" (15 U.S.C. § 45; see also 73 P.S. § 7) in the light of the construction which they have received by the Federal and Pennsylvania courts? See especially Gillette Co. v. Master, 408 Pa. 202, 212–213, 182 A.2d 734 (1962); Gulf Oil Corp. v. Mays, 401 Pa. 413, 418, 164 A.2d 656 (1960); Schering Corp. v. Martin Wholesale Distributors, Inc., 212 F. Supp. 325 (E.D.Pa. 1962).

■ In the present preliminary stage of the controversy we shall refrain from expressing any opinion on the merits of these questions. For what is before us is an appeal from the refusal of the District Judge to grant a preliminary injunction. In such circumstances our review is limited to the determination whether the court below abused its discretion. Industrial Electronics Corp. v. Cline, 330 F.2d 480, 483 (3 Cir. 1964); Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 573 (3 Cir. 1959).

■ No clear showing has been made to us of such an imminent threat of irreparable damage that it may be said that the refusal of the court below to grant a preliminary injunction amounted to an abuse of discretion. For it is clear that any loss the plaintiffs may suffer during the pendency of the proceedings is readily ascertainable. Indeed, the record indicates that such loss is a matter of simple arithmetical calculation based upon the number of newspapers sold and the profit per sale. This is not a case of the claimed destruction of a business enterprise containing such speculative elements that they are not susceptible to ready ascertainment in damages.

 We do not, of course, here determine any questions of damages as they may be presented to the court below for final decision, just as we express no opinion on the legal issues presented to the court below. We hold merely that there has not been shown such an imminent danger of irreparable harm that the court below committed an abuse of discretion in refusing to award a preliminary injunction pending final hearing.