Lawrence E. BIESKI, Jesse Colpo and Edward W. Keefer, Individually and as Representatives of a Class, Appellants,

v.

EASTERN AUTOMOBILE FORWARDING COMPANY, Inc.,

M & G Convoy, Inc.,

and

Highway Truck Drivers and Helpers, Local 107, an Unincorporated Association Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

No. 15083.

United States Court of Appeals Third Circuit.

Argued April 8, 1965.

Reargued Dec. 2, 1965.

Decided Dec. 29, 1965.

Marshall J. Seidman, Edward B. Bergman, Philadelphia, Pa. (Seidman & Rome, Solo, Bergman & Trommer, Philadelphia, Pa., on the brief), for appellants.

Joseph T. Walsh, Wilmington, Del. (George S. Dixon, Robert Alan Parr, Matheson, Dixon & Bieneman, Detroit, Mich., on the brief), for appellees M & G Convoy, Inc. and Eastern Automobile Forwarding Co., Inc.

Richard H. Markowitz, Richard Kirschner, Wilderman, Markowitz & Kirschner, Philadelphia, Pa., Marshall J. Seidman, Philadelphia, Pa., (on reargument), for appellee Union.

Hugh J. Beins, Washington, D. C., for intervenor Eastern Conference Automobile Transporters Joint Committee.

Alvin M. Chanin, Philadelphia, Pa., for intervenors Joseph Sockolosky, Adam Dorosky and William Greenly.

Before GANEY and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.

FREEDMAN, Circuit Judge.

Plaintiffs, three truck drivers formerly employed by Eastern Automobile Forwarding Company, Inc., brought this action for themselves and on behalf of 52 other truck drivers of Eastern under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), authorizing suits to be brought in the district courts for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce".

Eastern and M & G Convoy, Inc., were each engaged in the business of hauling new automobiles. Their business which is relevant here was the hauling of new automobiles from Chrysler Corporation's assembly plant at Newark, Delaware, to various retail dealers. Eastern's territory for these shipments was within New Jersey and New York, and M & G's was in eastern Pennsylvania and parts of New England and New York. The individual delivery points within the areas were designated and assigned by the manufacturer.

In January of 1964, pursuant to a written agreement, Eastern sold to M & G all its real estate and substantially all of

its operating equipment. Not included in the sale were Eastern's Interstate Commerce Commission operating certificate, licenses, good will, accounts receivable and cash. It is agreed by the parties that regulations of the Interstate Commerce Commission prohibited a sale of Eastern's franchise rights to M & G because both parties were common carriers. After the consummation of the sale Eastern went out of business and M & G thereupon began serving for Chrysler Corporation the territory which had previously been assigned to Eastern.

Plaintiffs and some of the other Eastern drivers on whose behalf this action was brought signed up as drivers for M & G immediately after the agreement was signed. A question at once arose regarding their seniority in relation to M & G's existing employees. Eastern's employees relied particularly on Article IV, § 5, of the collective bargaining agreement,[1] which provides: "SECTION 5. Mergers, Etc. In the event that the Employer absorbs the business of another private contract or common carrier or is a party to a merger of lines the seniority of the employees absorbed or affected thereby shall be determined by mutual agreement between the Employer and the Unions involved. Any controversy with respect to such matter shall be submitted to the grievance procedure (Article 6)."

The dispute was submitted under the collective bargaining agreement's grievance machinery to a panel of a Joint Committee, consisting of an equal number of designated representatives of the employer and the union parties to the agreement. No member or officer of Local 107 was on the panel. After a hearing the panel unanimously decided that M & G had not "absorbed" Eastern and therefore had no obligation to recognize the seniority claims of the drivers formerly employed by Eastern. The agreement expressly provides that a decision by a majority of a panel of the Joint Committee "shall be final and binding on all parties".[2]

Dissatisfied with the decision of the Joint Committee, plaintiffs brought the present action. The complaint alleges that Eastern and M & G breached the collective bargaining agreement by their construction of the agreement and by conspiring with officials of Local 107 and others to secure a decision adverse to plaintiffs' seniority claim; that Local 107 breached its duty of fair representation of Eastern's drivers by adopting a neutral position before the Joint Committee, and by carrying on discussions with the employers and the Joint Committee outside plaintiffs' presence; and that the decision of the Joint Committee was arbitrary and was reached without a fair hearing. The complaint prays that the defendants be enjoined from giving effect to the decision of the Joint Committee and that on the contrary M & G be required to recognize Eastern's former employees as having equal seniority rights with those of M & G's original employees. Finally, damages are sought for the back wages which each of Eastern's former drivers have lost by the refusal of M & G to recognize their seniority claims.

On plaintiffs' motion for a preliminary injunction the District Judge took extensive testimony and later heard argument. In a comprehensive opinion, 231 F.Supp. 710 (D.Del.1964), he found that there was no substantial evidence that the employers and Local 107 conspired to subvert the functions of the Joint Committee; that Local 107 had not breached the duty of fair representation which it owed to the plaintiffs, either in discussions

---

1. The multi-employer, multi-local and multi-plant collective bargaining agreement, known as the Eastern Conference Area Truckaway and Driveaway Agreement, included Eastern, M & G, and Local 107, which represented all the drivers of Eastern and M & G.

2. Article VI, § 3, declares that it shall be "final and binding on the parties involved"; § 4 declares that it shall be "final and binding on all parties".

with employers and with members of the Joint Committee, or by taking a neutral position on the seniority claim of the former drivers of Eastern; and that the claim of Eastern's drivers was fairly presented to the Joint Committee. The court concluded that it had no power to set aside the decision of the Joint Committee since there was no substantial evidence of fraud or dishonest conduct by Local 107 and the employer which would nullify the decision and no substantial evidence of lack of good faith and honesty of purpose on the part of Local 107 in the exercise of its duty of fair representation as the collective bargaining agent. It therefore denied the motion for preliminary injunction, and from that order plaintiffs have taken this appeal.

Interesting and important questions have been earnestly argued and reargued before us. Local 107, which had urged the affirmance of the decision below at the original argument, later changed its counsel and in a new brief took the opposite view. As a result we ordered reargument so that its new position might be given full consideration. The claim is earnestly urged that the decision of the Joint Committee is directly contrary to the Supreme Court's interpretation in Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370 (1964), of an identical provision, and therefore should be set aside. It is argued that Local 107, as the bargaining representative of the plaintiffs, had no right to remain neutral, and if it did intend to do so should have deadlocked the panel and thus thrown the question into arbitration instead of allowing it to be decided by the Joint Committee.

■ All these claims, however, are prematurely pressed upon us. For what is before us is a refusal by the District Judge to grant a preliminary injunction. At the reargument, in view of the comprehensive proceedings before the District Judge, we inquired whether the par-ties would stipulate that his decision should be deemed a final decree. But acting within their rights some of the parties withheld their agreement and we were advised that additional testimony will be taken on final hearing in the District Court. In the present preliminary stage of the controversy, therefore, our review is limited to the determination whether the court below abused its discretion. Graham v. Triangle Publications, Inc., 344 F.2d 775 (3 Cir. 1965); Industrial Electronics Corporation v. Cline, 330 F.2d 480, 483 (3 Cir. 1964); Joseph Bancroft & Sons Co. v. Shelly Knitting Mills, 268 F.2d 569 (3 Cir. 1959). See also Wolko v. Highway Truck Drivers and Helpers Local 107, 232 F.Supp. 594 (E.D.Pa.1964).

■ Our review of the record does not reveal an abuse of discretion by the court below. It is conceded that even on final decree plaintiffs would be entitled at the most to have the case remitted to the Joint Committee to work out an appropriate remedy by mutual agreement between the employer and Local 107 or by arbitration. Their ultimate remedy is therefore not clear. In any event, whatever injury plaintiffs may suffer pending final decree, if they should ultimately prevail, is readily susceptible of ascertainment in damages for loss of back pay. It is manifest, therefore, from the claims presented and the relief sought, that there is no imminent threat of irreparable harm requiring the court below to grant a preliminary injunction and rendering its refusal to do so an abuse of discretion.

In these circumstances we express no opinion on the merits of the questions that have been presented. We hold merely that there has not been shown such imminent danger of irreparable harm that the court below committed an abuse of discretion in refusing to award a preliminary injunction pending final hearing.