579 F.2d 786
 204 U.S.P.Q. 527
 MERRELL-NATIONAL LABORATORIES, INC., a corporation
v.
ZENITH LABORATORIES, INC., a corporation, Paramount Surgical
Supply Corp., a corporation, S. E. Nichols, Inc.,
a corporation, and David G. Rappaport,
d/b/a Danzis Pharmacy, an Individual.
Appeal of ZENITH LABORATORIES, INC. and Paramount Surgical
Supply Corp.
 No. 77-2094.
 United States Court of Appeals,
Third Circuit.
 Argued March 28, 1978.
Decided June 13, 1978.
 
 Jeffrey B. Cahn, Clive S. Cummis, Sills, Beck, Cummis, Radin & Tischman, Newark, N. J., for appellants.
 James B. Swire, Rogers, Hoge & Hills, New York City, Adrian M. Foley, Jr., McElroy, Connell, Foley & Geiser, Newark, N. J., for appellee Merrell-Nat. Lab., Inc.
 Allan M. Goldstein, Sobel & Lyon, Newark, N. J., for appellee, S. E. Nichols, Inc.
 Before HUNTER, WEIS and GARTH, Circuit Judges.OPINION
 JAMES HUNTER, III, Circuit Judge.
 
 
 1
 Zenith Laboratories, Inc. and Paramount Surgical Supply Corp. have brought this interlocutory appeal challenging a preliminary injunction issued against them and the denial of a motion requesting redetermination of that injunction. The appeal has been met with a motion to dismiss for untimeliness and for want of an appealable order. We find that our jurisdiction is limited to consideration of the motion denying redetermination of the injunction, and hold that the district court did not abuse its discretion in denying that motion.
 
 I.
 
 2
 Plaintiff below, Merrell-National Laboratories, Inc. brought this diversity action in the District of New Jersey charging defendants with unfair competition and false representations. The case involves two pills manufactured and sold by plaintiff under the trademarks Tenuate and Tenuate Dospan. Both tablets are forms of diethylpropion hydrochloride (DEP).
 
 
 3
 Defendant Zenith Laboratories, Inc. and its wholly-owned subsidiary, Paramount Surgical Supply Corp., manufacture and distribute generic (non-brand name) drugs, including two forms of DEP tablets. Defendants' DEP tablets are almost identical in appearance to plaintiff's two tablets of equivalent dosage, with the exception of the lettering stamped on the face of the tablets. Zenith and Paramount describe their DEP products in promotional literature as "similar to" and "comparable to" Tenuate and Tenuate Dospan.
 
 
 4
 Plaintiff alleges in its complaint that defendants Zenith and Paramount, by imitating the appearance of plaintiff's products, placed an instrumentality of fraud in the hands of the pharmaceutical trade. In addition, the complaint contains allegations that two New Jersey pharmacists, also named as defendants, "palmed off" defendants' products in filling prescriptions which specified plaintiff's Tenuate or Tenuate Dospan. Zenith and Paramount are also charged with false advertising. Merrell-National brings its action under New Jersey common law of unfair competition, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 Et seq., and under false advertising provisions of the Lanham Act, 15 U.S.C. § 1125(a).
 
 
 5
 Merrell-National sought a preliminary injunction enjoining defendants Zenith and Paramount from manufacturing, distributing and selling of its DEP tablets in a form which simulates the appearance and configuration of its Tenuate and Tenuate Dospan products, from advertising their tablets as "comparable to" or "similar to" plaintiff's, and from passing off their product as plaintiff's.[1]
 
 
 6
 In support of the preliminary injunction, Merrell-National offered several affidavits. Included in the affidavits were evidence of nine instances, in New Jersey and elsewhere in the country, of pharmacists using defendants' products to fill prescriptions written for plaintiff's. In addition, one incident was recounted in which defendant Paramount filled an order for Tenuate and Tenuate Dospan with Zenith tablets. Affidavits from plaintiff's experts indicated that the passing off was possible only because the ultimate consumer, the patient, was confused by the similar appearance of the two companies' drugs. Defendants filed no counter-affidavits and relied solely on legal argument to oppose entry of the preliminary injunction.
 
 
 7
 The district court granted the preliminary injunction. The court found that under New Jersey law the allegations and evidence of "passing off" or "palming off" defendants' tablets as plaintiff's was actionable at least against the offending druggists as unfair competition. It further found that the manufacturer and distributor of the drug could be liable for placing into a dealer's hands a product which they could "reasonably anticipate may be easily passed off as the goods of another." Union Carbide Corp. v. Ever-Ready Inc., 531 F.2d 366, 384 (7th Cir.), Cert. denied, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976); See Stewart Paint Manufacturing Co. v. United Hardware Distributing Co., 253 F.2d 568, 575 (8th Cir. 1958); Coca-Cola Co. v. Snow Crest Beverages, Inc., 64 F.Supp. 980 (D.Mass.1946), Aff'd, 162 F.2d 280 (1st Cir.), Cert. denied, 332 U.S. 809, 68 S.Ct. 110, 92 L.Ed. 386 (1947). Although no New Jersey case had been decided on the latter ground, the judge concluded "the general tenets of New Jersey unfair competition law as well as the principles espoused in the above-cited extra-jurisdictional cases, should serve as an adequate basis for a decision herein."
 
 
 8
 After balancing the probability of plaintiff's success on merits, the irreparable harm to plaintiff from the alleged unfair competition, the interests of the defendant and of the public, See e. g. A. O. Smith Corp. v. FTC, 530 F.2d 515, 525 (3d Cir. 1976), the court concluded that a preliminary injunction was justified. The order was entered on April 7, 1977.
 
 
 9
 On May 3, 1977 defendant filed a "Motion for Re-Argument and Re-Determination of Motion for Preliminary Injunction" under Local Rule 12(I) of the District Court for the District of New Jersey.[2] Under Rule 12(I), such a motion is to be accompanied by a memorandum setting forth "matters or controlling decisions" which the movant believes the court overlooked. The papers in support of defendant's motions pointed to no new legal material. For the first time in the case, however, defendants submitted factual affidavits opposing the preliminary injunction. The affidavits raised two major factual issues. First, defendants challenged plaintiff's allegations that pharmacists had illegally "passed off" defendant's tablets for plaintiff's. The affidavits contained evidence that the substitutions were authorized by state laws permitting the use of generic equivalents to fill a prescription for a trademarked drug. Second, the color and shape of defendants' tablets was said to have the function of facilitating quick identification of the active component of the tablets in case of emergency. Merrell-National submitted counter-affidavits disputing these factual contentions. The motion was heard on June 13, 1977.
 
 
 10
 In an opinion filed June 15, the district court denied defendant's motion for redetermination of the injunction. The court stated that the defendants' papers had failed to show any "matters or controlling decisions which . . . the court has overlooked." The court stated: "The 'new' facts in opposition presented by the defendants at this time are facts which should have been available to them at the time of the prior hearing and which they should have utilized therein. No reason was given in their brief or at oral argument as to why these facts are now presented to this Court for the first time." As an alternate basis of decision, the district court concluded that the plaintiff's materials had "successfully disputed the accuracy and completeness of some of defendant's 'new' facts." The court's formal order granting reargument but denying redetermination of the injunction was filed on July 7, 1977. A notice of appeal from the July 7 order was filed on July 13 by defendants Zenith and Paramount.
 
 II.
 
 11
 Merrell-National has challenged our jurisdiction to hear this case at this time by filing a motion to dismiss the appeal. Defendants filed a notice of appeal only from the July 7 denial of the motion for redetermination, but in arguing its appeal attack both the denial of that motion and the original decision to impose the April 7 preliminary injunction. The movant argues that the notice of appeal was untimely with respect to the preliminary injunction, and that a denial of a motion for redetermination is not an appealable order. Appellants counter that the motion for reargument and redetermination tolled the time for filing a notice of appeal from the entry of the preliminary injunction and that, in any event, the denial of redetermination is appealable and gives this Court jurisdiction to review all previous orders.
 
 
 12
 The entry of the preliminary injunction by the district court on April 7, 1977 was an appealable order under 28 U.S.C. § 1292(a)(1).[3] See e. g., United States v. Commonwealth of Pennsylvania, 533 F.2d 107 (3d Cir. 1976); Graham v. Triangle Publications, Inc., 344 F.2d 775 (3d Cir. 1965). The maximum time for appeal from an interlocutory order is governed by F.R.App.P. 4(a) and is set at thirty days. Donaldson v. Pillsbury Co., 529 F.2d 979, 981 n. 1 (8th Cir. 1976); Cert. denied, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977); Stiller v. Squeez-A-Purse Corp., 251 F.2d 561 (6th Cir. 1958); See 9 Moore's Federal Practice P 110.21 (2d ed. 1975). Under this rule, defendants' notice of appeal was not timely with respect to the preliminary injunction.
 
 
 13
 Defendants contend that their motion to reargue and redetermine the injunction even though made explicitly under Local Rule 12(I), should be considered to be one of the motions which would toll the time for filing of a notice of appeal under F.R.App.P. 4(a), E. g., F.R.Civ.P. 59(e). These motions, however, must be made within ten days of the order or judgment to which they relate. We do not reach the question whether a motion under Local Rule 12(I) may be treated as one of the motions listed in F.R.App.P. 4(a), because defendants' motion to reargue and redetermine the April 7 injunction was filed on May 3 and thus was untimely as a Rule 4(a) motion.[4] Browder v. Director, Department of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858 (3d Cir. 1970).
 
 
 14
 Defendants have argued that the time for filing a motion mentioned in Rule 4(a) should be tolled because of their alleged reliance on statements of the trial judge's law clerk and actions by the judge himself. The ten-day limitation on the time for making such motions may not be waived by the trial judge. F.R.Civ.P. 6(b); Sonnenblick-Goldman Corp. v. Nowalk, supra. Defendants point to a line of Supreme Court cases which have allowed an otherwise untimely appeal of a final order in certain "unique circumstances" when the appellant lost his right to appeal in reliance on an erroneous ruling of the trial judge. Wolfson v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); Thompson v. INS, 375 U.S. 384 (1964); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). We do not feel that the circumstances of this case warrant application of this equitable exception. First, defendants do not face the loss of the right to appeal a final judgment, but only the lesser hardship of losing the right to appeal an interlocutory order. Second, since the defendants made their motion under Local Rule 12(I), it was not reasonable for them to expect the trial judge to treat the motion with regard to the limitations of F.R.Civ.P. 6(b).[5] We therefore do not believe that this case presents the "unique circumstances" which justify deviation from the time limitations in our procedural rules. We conclude that we do not have jurisdiction over an appeal from the order of April 7, 1977 entering a preliminary injunction.
 
 
 15
 A different situation is presented by the July 7 order denying redetermination of the injunction. The notice of appeal was timely in relation to that order. The denial of the motion to redetermine the injunction, under the particular facts of this case, was functionally the equivalent of a denial of a motion to modify the injunction. While a merely repetitive motion to redetermine an injunction might not be appealable, Squillacote v. Local 248, Meat & Allied Food Workers, 534 F.2d 735, 750 (7th Cir. 1976); Stiller v. Squeez-A-Purse Corp., supra, we hold that the motion in this case alleges sufficiently different matters that it is appealable under 28 U.S.C. § 1292(a) (1) as a motion to modify an injunction.
 
 III.
 
 16
 Defendants argue that, even though appeal from the granting of the preliminary injunction is time barred, we may nevertheless review that decision once we take jurisdiction of the denial of the motion to redetermine the injunction. The scope of an appeal from an interlocutory order is not limited to the appealable order alone. An appellate court has the power to review certain otherwise unappealable orders once it has jurisdiction over the case. See, e. g., Deckert v. Independence Shares Corp., 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed.2d 189 (1940); Myers v. Bethlehem Shipbuilding Corp.,303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Kohn v. American Metal Climax, Inc., 458 F.2d 255, 262 (3d Cir.), Cert. denied, 409 U.S. 874, 93 S.Ct. 120, 34 L.Ed.2d 126 (1972); Hook v. Hook & Ackerman, Inc., 233 F.2d 180 (3d Cir. 1956), Cert. denied, 352 U.S. 960, 77 S.Ct. 350, 1 L.Ed.2d 325 (1957); Mayflower Industries v. Thor Corp., 184 F.2d 537 (3d Cir. 1950); 9 Moore's Federal Practice P 110.25(1) (2d ed. 1975).
 
 
 17
 We do not believe, however, that in the general case a defendant should be allowed to use the appealability of an order denying modification of an injunction to circumvent the time bar to appeal from the underlying preliminary injunction. The purpose of the motion to modify an injunction is to demonstrate that changed circumstances make the continuation of the order inequitable. The motion does not force the trial judge to permit relitigation of his original determination of the injunction, See Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1207 (2d Cir. 1970); American Optical Co. v. Rayex Corp., 394 F.2d 155 (2d Cir.), Cert. denied, 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1968); Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804 (9th Cir.), Cert. denied, 375 U.S. 821, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963), and should not serve as an avenue of untimely review of that determination. 9 Moore's Federal Practice P 110.20(2) (2d ed. 1975). While we do not exclude the possibility that in special circumstances the scope of appellate review might reach the underlying injunction, See, e. g., Fern v. Thorp Public School, 532 F.2d 1120 (7th Cir. 1976), we believe that in this case our review should be confined to the propriety of denying the motion to redetermine the preliminary injunction.
 
 IV.
 
 18
 The trial court denied defendants' motion to reconsider the preliminary injunction on the grounds that defendants had alleged no new facts or legal matters which could not have been presented at the original hearing on the preliminary injunction. The court also found that plaintiff had successfully disputed the accuracy and completeness of some of the "new" facts. We will reverse the decision of a trial court denying modification of redetermination of an injunction only upon a showing of an abuse of discretion. United States v. Commonwealth of Pennsylvania, supra,533 F.2d at 108; Conservation Council of North Carolina v. Costanzo, 528 F.2d 250 (4th Cir. 1975); Tanner Motor Livery Ltd. v. Avis, Inc., supra. The trial court's factual determinations underlying its decision must be accepted unless clearly erroneous. United States v. Ingersoll-Rand Co., 320 F.2d 509, 525 (3d Cir. 1963).
 
 
 19
 We hold that the judge did not abuse his discretion in denying the motion for redetermination. As the judge found, there was no evidence of changed circumstances which would make continuation of the injunction inequitable. The only material presented in support of defendants' motion related to the issue of plaintiff's probability of success on the merits. Defendants' affidavits indicated that the imitation of the appearance of plaintiff's tablets might have functional significance and that some of plaintiff's evidence of "passing off" by druggists was the legal substitution of drugs under local law. Plaintiff's counter-affidavits and argument disputed these contentions.
 
 
 20
 First, the judge was justified in rejecting defendants' "new" facts on the grounds that they could have been produced on the original motion for an injunction. He need not permit relitigation of a preliminary injunction. Second, we believe, given all the evidence in the record and the law applicable to plaintiff's claim, that the judge was within his discretion in holding that the contradicted new materials produced by defendants did not warrant an alteration of the injunction. The new materials do not substantially affect the probability of plaintiff's success on the merits.[6] Thus, the trial judge was not required to redetermine the preliminary injunction.
 
 
 21
 The order of the district court denying redetermination of the preliminary injunction will be affirmed. Appellee's motion to dismiss the appeal will be denied.
 
 GARTH, Circuit Judge, concurring:
 
 22
 I concur fully in Judge Hunter's majority opinion, particularly because of his treatment of the jurisdictional issues. However, I am sufficiently uneasy with the doctrine of "palming off" set forth by the district court that I believe it necessary to record that unease. Were we not reviewing an order denying reconsideration of a preliminary injunction, I would have strenuously urged a different disposition on the merits as to the "palming off" issue. See Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964); Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964). See generally, 1 Callman, Unfair Competition, Trademarks and Monopolies § 16(2) (Callaghan 3d ed. 1967 & 1976 Cum.Supp.). Nonetheless, recognizing, as Judge Hunter has indicated, the limited nature of our review, I am content with the result reached, especially since counsel represented at oral argument their readiness to try the permanent injunction phase of the case at any time set by the district court.
 
 
 
 [1]
 Additionally, plaintiff sought to enjoin the two pharmacist defendants from filling prescriptions for plaintiff's products with anything other than products manufactured by plaintiff. One pharmacist defendant consented to the injunction; neither has appealed the order of the district court
 
 
 [2]
 Local Rule 12(I) provides:
 A motion for re-argument shall be served and filed within 14 days after the filing of the court's order of judgment on the original motion. There shall be served with the notice a memorandum, setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral arguments shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally.
 
 
 [3]
 28 U.S.C. § 1292(a)(1) provides:
 (a) The courts of appeals shall have jurisdiction of appeals from:
 (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . .
 
 
 [4]
 We do not understand Zenith to suggest that Local Rule 12(I) operates in the District of New Jersey as a local revision to Fed.R.App.P. 4(a) which would permit the time for appeal to be tolled for 14 rather than 10 days. Obviously a local rule can have no such effect. Cf. Rodgers v. United States Steel Corp., 508 F.2d 152 (3d Cir.), Cert. denied, 420 U.S. 969, 95 S.Ct. 1386, 43 L.Ed.2d 649 (1975). Hence we do not approach the parties' contention with that consideration in mind
 
 
 [5]
 F.R.Civ.P. 6(b) does not permit extensions of the ten-day time period for making a tolling motion listed in F.R.App.P. 4(a). In contrast, Local Rule 12(I) provides a fourteen-day time period and may permit extensions by the district court
 
 
 [6]
 We emphasize the limited nature of our review of the merits of this case at this preliminary stage, given our circumscribed standard of review. See United States Steel Crop. v. Fraternal Ass'n of Steelhaulers, 431 F.2d 1046, 1048 (3d Cir. 1970). In light of our disposition of the jurisdictional issues, we express no opinion as to the propriety of the underlying preliminary injunction or the district court's analysis of the unfair competition claim