883 F.2d 1028
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
APPLICATION ART LABORATORIES CO., LTD., Plaintiff-Appellee,
v.
Tamao MORITA and Magleader Co., Ltd., Defendants-Appellants.
Tamao MORITA and Magleader Co., Ltd., Plaintiffs-Appellants,
v.
APPLICATION ART LABORATORIES CO., LTD., Defendant-Appellee.
 Nos. 89-1270, 89-1293.
 United States Court of Appeals, Federal Circuit.
 July 28, 1989.
Rehearing Denied Sept. 1, 1989.
Suggestion for Rehearing In Banc Declined Sept. 14, 1989.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Tamao Morita and Magleader Co., Ltd. (Morita), appeal that portion of the Order of the United States District Court for the District of Columbia in the consolidated cases Application Art Laboratories Co. v. Morita, Civil Action No. 84-3894 (D.D.C. Jan. 11, 1989) and Morita v. Application Art Laboratories Co., Civil Action No. 85-2539 (D.D.C. Jan. 11, 1989), denying Morita's motion to dissolve the preliminary injunction entered by that court on October 7, 1988. We affirm.
 
 OPINION
 
 2
 Generally, appellate review of a motion to dissolve a preliminary injunction is limited to the propriety of the denial of the motion and does not extend to the propriety of the grant of the underlying injunction. See, e.g., Illinois v. Peters, 871 F.2d 1336, 1339 (7th Cir.1989); Township of Franklin Sewerage Authority v. Middlesex County Utilities Authority, 787 F.2d 117, 120-21 (3d Cir.), cert. denied, 479 U.S. 828 (1986); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418 n. 4 (9th Cir.1984). On such a motion, the issue before the district court is whether the movant has shown that changed circumstances warrant discontinuation of the preliminary relief. See, e.g., Township of Franklin Sewerage Authority, 787 F.2d at 121. The scope of our review is limited to determining, based upon those changed circumstances, whether the district court abused its discretion in denying the motion in this case.
 
 
 3
 Before this court, Morita contends that the record before the district court did not contain sufficient evidence to support a preliminary injunction under 35 U.S.C. Sec. 283. In addition, Morita argues the preliminary injunction was improperly granted because the district court allegedly failed to comply with Federal Rules of Civil Procedure 52 and 65. Finally, Morita contends that the district court abused its discretion by requiring the posting of only a $100.00 bond. All these arguments go to the propriety of the district court's October 7 decision granting preliminary relief and, because Morita failed to timely appeal that order or show either excusable neglect or good cause for not having done so or file a timely motion for reconsideration, will not be considered by us at this time. See Fed.R.App.P. 4(a); Merrell-National Laboratories, Inc. v. Zenith Laboratories, Inc., 579 F.2d 786, 791 (3d Cir.1978) ("We do not believe, however, that in the general case a defendant should be allowed to use the appealability of an order denying modification of an injunction to circumvent the time bar to appeal from the underlying preliminary injunction.").
 
 
 4
 The sole assertion by Morita on appeal that may be characterized as a changed circumstance is a new defense grounded upon his contention that forged documents were submitted to the United States Patent and Trademark Office during the prosecution of both United States Patent No. 4,021,891 and United States Design Patent No. 247,468. In light of this allegation, Morita contends that the district court had no basis for a finding of likelihood of success as to validity. We are not persuaded.
 
 
 5
 The district court, during the January 11 status call, preliminarily addressed Morita's fraud defense, stating:
 
 
 6
 It seems to me that everything that you have argued here really goes to the credibility of that particular defense. And I have to confess that the credibility on the basis of what you have pointed out is somewhat dubious. Nevertheless, if it would in effect perpetrate a fraud on the court--even if it's a remote chance that there is a fraud being perpetrated on the court, I would like to have that resolved.
 
 
 7
 In the discretion of the district court, the "remote chance" of fraud provided sufficient grounds to warrant a new trial; however, that same remote chance did not compel the district court to disturb its earlier finding as to likelihood of success. After a careful review of the record, we cannot conclude the district court abused its discretion in not dissolving its preliminary injunction.