**ORTHO PHARMACEUTICAL CORP., Appellant,**

v.

**AMGEN, INC.**

**No. 89–3423.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 2, 1989.

Decided Oct. 25, 1989.

David F. Dobbins, Gregory L. Diskant, Eugene M. Gelernter, Frederick B. Campbell, and John J. Sipos, Patterson, Belknap, Webb & Tyler, New York City, and Richards, Layton & Finger, Wilmington, Del., for appellant.

Douglas E. Whitney and Matthew B. Lehr, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Paul A. Renne, Lloyd R.

---

**2.** We note that the stipulation in the deficiency   case did not expressly refer to the fraud claim.

Day, Jr., Louis M. Lupin, and Linda A. Sasaki, Cooley Godward Castro Huddleson & Tatum, Palo Alto, Cal., for appellee.

Before GIBBONS, Chief Judge, and SLOVITER and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter is before this court on appeal from the district court by the plaintiff, Ortho Pharmaceutical Corp., from an order of June 16, 1989, denying its motion to modify a preliminary injunction granted it by an order of March 24, 1989, following an opinion of March 23, 1989, reported at 709 F.Supp. 504 (D.Del.1989). We partially dismissed an earlier appeal by the defendant, Amgen, Inc., from the preliminary injunction as moot, vacated its provisions with continuing legal effect, and remanded the matter to the district court to determine whether the circumstances continued to warrant preliminary injunctive relief. *See* 882 F.2d 806 (3d Cir.1989). Inasmuch as the significant facts are set forth at length in the foregoing reported opinions, reference should be made to them for a complete understanding of this case. It is sufficient here to note that this litigation arises from the attempt of Ortho to obtain preliminary injunctive relief incidental to its arbitration of a dispute with Amgen regarding the development, licensing, and marketing of erythropoietin (EPO), a human protein normally produced in the kidney which stimulates the formation of red blood cells. Under the agreement Ortho was given rights to market and sell EPO in the United States for all therapeutic indications except dialysis which Amgen, the developer of the technology for EPO, reserved for itself.

After the district court entered the preliminary injunction, Amgen filed a motion for its reconsideration or, in the alternative, for an order amending the order of March 24, 1989, to provide that Amgen was not required to name Ortho as a distributor of EPO or submit Ortho's distributorship packet to the Food and Drug Administra-

tion in the licensing procedures. While the district court denied the motion for reconsideration, it held, in a memorandum opinion of April 21, 1989, that the preliminary injunction did not require Amgen to list Ortho as a distributor of EPO. Thus, the preliminary injunction was amended to reflect this ruling. Amgen then appealed from the order for the preliminary injunction and Ortho cross-appealed. While Ortho's notice of cross-appeal broadly recited that it was appealing from "opinions" of March 23, 1989, and April 21, 1989, it explains in a brief in opposition to a motion by Amgen to dismiss the current appeal, that its cross-appeal was directed to that portion of the order of April 21, 1989 "that declined to order Amgen to submit Ortho's distributorship data to FDA 'at this time.'" On May 5, 1989, Ortho withdrew the cross-appeal, an action which it attributes to its "hope that an expedited result in arbitration would make unnecessary further appellate proceedings." It contends that it understood at that time that the district court considered that it was not *then* appropriate to enter an order requiring Amgen to submit Ortho's distributorship data but that such relief might be justified if circumstances changed.

On May 11, 1989, shortly after the cross-appeal was dismissed, the FDA issued a position statement indicating that EPO was beneficial to the entire chronic renal failure population, including the pre-dialysis market allocated to Ortho in its agreement with Amgen. Consequently, Ortho then thought it critical that Amgen include Ortho's distributorship data in the FDA submissions as FDA approval of EPO for the pre-dialysis market, as well as the dialysis market reserved to Amgen, seemed imminent. Ortho feared that unless its data was submitted it would be unable to distribute EPO and it would therefore be deprived of a first market entrant advantage. Furthermore, Ortho wanted Amgen to supply it with EPO. Thus, Ortho filed a motion to modify the preliminary injunction so that Amgen would be required both to submit Ortho's distributorship and labeling data to the FDA and to supply EPO to meet Ortho's requirements after FDA ap-

proval of EPO. As anticipated, the FDA shortly thereafter gave approval of EPO on June 1, 1989.

The district court in an opinion and order of June 16, 1989, ruled on Ortho's motion. The court reasoned that the request that Amgen be required to submit Ortho's distributorship and labelling data to the FDA had already been resolved in the context of Amgen's application to reconsider and amend the preliminary injunction. The court on that application did not require Amgen to name Ortho as a distributor of EPO or submit Ortho distributorship data to the FDA as such an order would go beyond what the court considered was its limited jurisdiction to maintain the status quo between the parties pending arbitration. Likewise, the court believed that Ortho's second request for modification of the preliminary injunction, that Amgen be required to supply it with EPO, went beyond the court's jurisdiction to maintain the status quo between the parties as it existed when arbitration was originally requested. Thus, the court denied Ortho's motion to amend the preliminary injunction and Ortho then appealed to this court on June 20, 1989.

On June 26, 1989, Amgen filed a motion to dismiss this appeal on the grounds that it was untimely as, in Amgen's view, it "is nothing more than a transparent attempt to resurrect Ortho's cross-appeal which it voluntarily dismissed." Amgen further contends that the appeal should be dismissed, as Ortho's motion in the district court, though in form a motion to modify an injunction under Fed.R.Civ.P. 62(c), was in fact "an untimely motion to reconsider the April 21 order."

It is, of course, true that, as the district court noted, the issues raised as to the distributorship and labelling in Ortho's motion to modify the preliminary injunction are similar to the issues raised on Amgen's

motion following the entry of the preliminary injunction. But the situation among Ortho, Amgen, and the FDA has been fluid and the circumstances in which Ortho's motion was made were arguably quite different than those at the time of Amgen's motion. When Ortho made its motion for modification of the preliminary injunction it believed, correctly as it quickly turned out, that EPO would soon be approved by the FDA. Therefore, its perceived need for relief with respect to the FDA application was much greater than when the order of April 21, 1989, was entered as Ortho believed that unless it was able to market EPO Amgen would be the first entrant into the entire EPO market and Ortho would not be able to supply the pre-dialysis market.[1]

Thus, Ortho's application for modification of the preliminary injunction was predicated on the claim that circumstances had changed from those extant when the earlier orders had been entered. *See, e.g., Merrell–National Laboratories, Inc. v. Zenith Laboratories, Inc.,* 579 F.2d 786, 790 (3d Cir.1978). Furthermore, the aspect of Ortho's motion seeking an order compelling Amgen to supply it with EPO was a new issue raised in Ortho's motion to modify the preliminary injunction so that Ortho's appeal from the denial of relief in this respect cannot possibly be regarded as an attempt "to resurrect" the dismissed cross-appeal. *See Professional Plan Examiners of N.J., Inc. v. LeFante,* 750 F.2d 282, 287 (3d Cir.1984). Consequently, we will not measure the 30 day period under Fed.R. App.P. 4(a)(1) for the taking of this appeal from entry of the April 21, 1989, order entered on Amgen's motion for reconsideration and amendment of the preliminary injunction, even as to the distributorship and labelling issues, but rather will measure it from June 16, 1989, when Ortho's

---

1. In its brief in the district court on its motion to modify the preliminary injunction Ortho suggested that neither it nor Amgen would be able "fully to serve the pre-dialysis market," Ortho because of licensing problems and Amgen because it "is barred by the Product License Agree-

ment from promoting its product to the market." On this appeal Ortho suggests that if Amgen is the sole deliverer of EPO the product will nevertheless find its way to the pre-dialysis market. This apparent shift in emphasis does not alter our result.

motion was denied.[2] *See Professional Plan Examiners,* 750 F.2d at 287; *Merrell–National Laboratories,* 579 F.2d at 786. Thus, as the appeal was filed on June 20, 1989, it is timely.

Amgen's argument that Ortho's motion, though in form a motion to modify an injunction, was in fact a motion for reconsideration, brings into focus the tension between Fed.R.Civ.P. 59(e) and Fed.R. Civ.P. 62(c). The purpose of a motion to reconsider under Fed.R.Civ.P. 59(e) is to relitigate the "original issue." *See Smith v. Evans,* 853 F.2d 155, 158–59 (3d Cir. 1988). Thus, a timely motion to reconsider will preclude the filing of an effective notice of appeal until the disposition of the motion as the same issue should not be pending for disposition in both a district court and a court of appeals. *See* Fed.R. App.P. 4(a)(4). On the other hand, a motion to modify an injunction can, at least in some circumstances, be heard during the pendency of an appeal over which the court of appeals will retain jurisdiction, for Fed. R.Civ.P. 62(c) in germane part provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

We agree with Amgen that we must determine from its substance and not from its form whether we should treat Ortho's motion as a motion for reconsideration under Fed.R.Civ.P. 59(e) or a motion to modify a preliminary injunction under Fed.R.

Civ.P. 62(c). *See Professional Plan Examiners,* 750 F.2d at 287; *Merrell–National Laboratories,* 579 F.2d at 791; *cf. Smith v. Evans,* 853 F.2d at 158 ("the function of the motion, not the caption" determines whether a motion is brought under Fed.R. Civ.P. 59(e) or Fed.R.Civ.P. 60(b)). Certainly, absent some change in circumstances, a movant ought not to be able to file a motion under the aegis of Fed.R.Civ.P. 62(c) and religate the "original issue" simply because the case involves preliminary injunctive relief.

We are satisfied, however, that Ortho on its motion sought to relitigate more than the original issue. It has made a substantial argument that, even if it was appropriately denied relief with respect to the submission of the distributorship and labelling data when the court ruled on Amgen's motion on April 21, 1989, when Ortho later filed its motion for modification the imminent FDA approval justified its application for modification of the preliminary injunction.[3] Thus, when an application for an injunction is made the surrounding circumstances are part of the "issue." In this regard we point out that the district court in its memorandum opinion of April 21, 1989, indicated that it would "not require Amgen to submit such distributorship information *at this time* ...," thus suggesting that it might be required at some later date. (Emphasis added.) Furthermore, inasmuch as Ortho's request in its motion to modify the preliminary injunction for Amgen to be required to supply it with EPO was an original application, there is an additional reason why the motion cannot be regarded as a motion to reconsider the preliminary injunction.

---

2. Under 28 U.S.C. § 1292(a)(1) courts of appeal have jurisdiction over appeals from interlocutory orders refusing to modify injunctions. Fed.R.App.P. 4(a)(3) permits a cross-appeal within 14 days after the date on which the first timely notice of appeal was filed and thus may allow an appeal beyond the time fixed on Fed.R. App.P. 4(a)(1). If, however, Ortho's appeal is treated as an appeal from the original preliminary injunction as amended by the order of April 21, 1989, it will be untimely under either Fed.R.App.P. 4(a)(1) or 4(a)(3).

3. Our reference of "substantial argument" should not be taken to indicate that we imply a view on whether Ortho is entitled to relief. Rather, we intend to say that Ortho presents a substantial argument that the circumstances were materially different when it filed its motion for modification of the preliminary injunction from those existing on April 21, 1989. We are aware Amgen disputes this, asserting that the district court and the parties recognized when the preliminary injunction and the order of April 21, 1989, were entered that the FDA might grant its approval of EPO.

■ Amgen also contends that we should dismiss the appeal as the district court did not have jurisdiction to entertain Ortho's motion.[4] In support of this position it contends that Fed.R.Civ.P. 62(c) authorizes district courts to modify preliminary injunctions pending appeal only to preserve the status quo which, in its view, Ortho by its motion sought to alter.

There is authority for the construction of Fed.R.Civ.P. 62(c) which Amgen advances. *See International Ass'n of Machinists v. Eastern Air Lines, Inc.,* 847 F.2d 1014, 1018 (2d Cir.1988); *Turner v. HMH Publishing Co.,* 328 F.2d 136 (5th Cir.1964); *Ideal Toy Corp. v. Sayco Doll Corp.,* 302 F.2d 623 (2d Cir.1962). However, Fed.R.Civ.P. 62(c) does not contain this limitation on the district court's jurisdiction, thus suggesting that Amgen's construction is unjustified. Yet we think it inconsistent with the overarching principle that the filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals to read Fed.R.Civ.P. 62(c) as open ended, allowing a district court without limitation, as long as it is not simply reconsidering its earlier order as in a motion under Fed.R.Civ.P. 59(e), to modify a preliminary injunction at any time after an appeal has been taken. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).[5]

Accordingly, we will apply under Fed.R.Civ.P. 62(c) the very test carefully formulated by this court in the earlier appeal in this matter in determining the basis for the entry of a preliminary injunction pending arbitration. Inasmuch as such an injunction may be entered to preserve the integrity of the arbitration proceeding, 882 F.2d at 814, the principal forum of the dispute between the parties, and may, if necessary, to that end alter the status quo, *id.,* so may an order under Fed.R.Civ.P. 62(c) be entered to preserve the integrity of the proceedings in the court of appeals, the forum to which the dispute has been transferred by the appeal. Accordingly, in furtherance of preserving the integrity of the appeal, an order entered under Fed.R.Civ.P. 62(c) to modify a preliminary injunction may alter the status quo. Therefore, the district court had jurisdiction to entertain Ortho's motion and we have jurisdiction over this appeal. Thus, we will deny Amgen's motion to dismiss the appeal and we will reach its merits.

The appropriate disposition of the appeal seems quite evident. The district court did not have the benefit of our earlier opinion when it denied the motion to modify. Accordingly, while it had correctly determined on the original application to it that it was empowered to issue a preliminary injunction pending arbitration, it bound itself to a status quo predicate for relief to which it adhered on Ortho's motion to modify. 709 F.Supp. at 509–10. We, of course, on the earlier appeal, found that standard inappropriate. Thus, for that reason alone we are constrained to remand the matter to the district court for reconsideration under the appropriate test. Furthermore, inasmuch as this appeal is, after all, from an order of the district court denying a motion to modify an injunction partially vacated on the earlier appeal, we are confronted with an application to modify an order which no longer exists. In the totality of the circumstances we conclude that the entire matter should be reconsidered by the district court in the light of the situation existing when the court rules on the remand. Accordingly, we will vacate the order of June 16, 1989, and will remand the matter to the

---

4. While analytically it could be argued that when a court of appeals determines that a district court correctly denied an application for want of jurisdiction it should affirm the district court as that court had jurisdiction to determine its jurisdiction, there is support for the conclusion that in those circumstances the court of appeals dismisses the appeal. *See Smith v. Evans,* 853 F.2d at 159. Probably there is little, if any, practical difference in the dispositions.

5. We do not regard Fed.R.App.P. 8(a) which provides that an application for modification of an injunction pending appeal must ordinarily be made in the first instance in the district court as helpful in the resolution of this case as the rule deals with the procedure for a litigant to follow rather than the power of the district court to grant relief. *See International Ass'n of Machinists v. Eastern Air Lines Inc.,* 847 F.2d at 1018.

district court for further proceedings consistent with this opinion. Each party will bear its own costs on this appeal.