SPECIALTY BAKERIES, INC.; Rocco Fiorentino; Frank J. Guglielmo; John E. Gerber, Jr.; Manhattan Bagel Company, Inc.

v.

HALROB, INC.; RobHal Management, Inc., Appellants.

No. 97–1343.

United States Court of Appeals, Third Circuit.

Argued Oct. 21, 1997.

Decided Nov. 19, 1997.

---

Mark A. Lublin (argued), Roger P. Cameron, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for Appellants.

Arthur L. Pressman (argued), Constantine T. Fournaris, Abraham, Pressman & Bauer, Philadelphia, PA, for Appellees.

Before: MANSMANN, GREENBERG, and ALARCON,* Circuit Judges.

## OPINION OF THE COURT.

PER CURIAM.

HalRob, Inc. and RobHal Management, Inc. appeal from an order for a preliminary injunction the district court entered in this matter on April 15, 1997, in accordance with its opinion reported as *Specialty Bakeries, Inc. v. RobHal, Inc.*, 961 F.Supp. 822 (E.D.Pa.1997). On July 31, 1997, we stayed the preliminary injunction pending this appeal.

After a careful review, we have determined that there is no basis to disturb the preliminary injunction except in one respect. In particular, we conclude that the Anti–Injunction Act, 28 U.S.C. § 2283, did not preclude the district court from granting the preliminary injunction and that the district court did not abuse its discretion in entering an injunction against HalRob, Inc. and RobHal Management, Inc. barring them from seeking damages and other relief in the New Jersey proceeding.

We conclude, however, that the injunction sweeps too broadly. The court limited the scope of the injunction by providing that it would not prevent the

> parties to the New Jersey action from seeking preliminary injunctive relief only, pending a decision by the above-referenced arbitrator, against Specialty Bakeries, Inc., Rocco Fiorentino, Frank J. Guglielmo, John E. Gerber, Jr. or Manhattan Bagel Company, Inc. to prevent them or any of them from making any impending material change in the status quo as it existed as of February 7, 1997. An impending material change is one that would eviscerate the arbitration process.

*Specialty Bakeries, Inc.*, 961 F.Supp. at 831. The district court used the February 7, 1997 date as HalRob filed the New Jersey action on that day.

The district court fashioned its limitation on the injunction in an attempt to comply with our opinion in *Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 814 (3d Cir.1989), in which we said the following with respect to a court granting preliminary injunctive relief pending arbitration:

In sum, courts invoke the phrase 'preservation of the *status quo*' as a summary explanation of the need to protect the integrity of the applicable dispute resolution process. Thus, the court granting an injunction has the power—and indeed is required—to make all factual findings necessary to 'set forth the reason for ... issuance [of injunctive relief].' Fed. R.Civ.P. 65(d). Moreover, because the district court must focus on preservation of the integrity of the arbitration process, the relief granted need not be limited to restoring the parties precisely to their pre-litigation position without regard to the irreparable injury that movant faces. If the existing 'status quo' is currently causing one of the parties irreparable injury and thereby threatens to nullify the arbitration process, then it is necessary to alter the situation to prevent the injury.

On further appeal in *Ortho* we reiterated that if necessary to preserve the arbitration process, the district court may alter the status quo. *Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir.1989).

The difficulty with the preliminary injunction in this case is that it permits the New Jersey plaintiffs to seek only an order barring the defendants there, who are the plaintiffs here, from making a material change in the status quo. But as *Amgen* recognizes, the status quo in itself may "caus[e] one of the parties irreparable injury and thereby threaten[ ] to nullify the arbitration process." *Ortho Pharm. Corp.*, 882 F.2d at 814. In that circumstance, "it is necessary to alter the situation to prevent the injury." *Id.* Accordingly, while the exception to the injunction barring the New Jersey plaintiffs from seeking injunctive relief is acceptable as far as it goes, it should be broadened so that the New Jersey plaintiffs may seek a change in the status quo if necessary to prevent a nullification of the arbitration process. Thus, we will remand the case to the district court to modify the preliminary injunction in accordance with this opinion.

Accordingly, in the circumstances we will affirm the order for the preliminary injunction entered April 15, 1997, as modified herein, and will remand the case to the district

court to enter an order modifying the preliminary injunction in accordance with this opinion. Upon entry of the modified preliminary injunction, the stay we entered on July 31, 1997, will be deemed vacated without further order. The parties will bear their own costs on this appeal.