

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-1997

# Specialty Bakeries v. HalRob Inc

Precedential or Non-Precedential:

Docket
97-1343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Specialty Bakeries v. HalRob Inc" (1997). *1997 Decisions.* Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 19, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-1343

SPECIALTY BAKERIES, INC.; ROCCO FIORENTINO;
FRANK J. GUGLIELMO; JOHN E. GERBER, JR.;
MANHATTAN BAGEL COMPANY, INC.

v.

HALROB, INC.; ROBHAL MANAGEMENT, INC.,

     Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 97-01057)

Argued October 21, 1997

BEFORE: MANSMANN, GREENBERG, and ALARCON,*
Circuit Judges

(Filed: November 19, 1997)

       Mark A. Lublin (argued)
       Roger P. Cameron
       Obermayer, Rebmann, Maxwell &
        Hippel
       1617 John F. Kennedy Boulevard
       One Penn Center, 19th Floor
       Philadelphia, PA 19103

        Attorneys for Appellants

_____

*Honorable Arthur L. Alarcon, Senior Judge of the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

       Arthur L. Pressman (argued)
       Constantine T. Fournaris
       Abraham, Pressman & Bauer
       1818 Market Street
       35th Floor
       Philadelphia, PA 19103

        Attorneys for Appellees

OPINION OF THE COURT

PER CURIAM.

HalRob, Inc. and RobHal Management, Inc. appeal from
an order for a preliminary injunction the district court
entered in this matter on April 15, 1997, in accordance
with its opinion reported as Specialty Bakeries, Inc. v.
RobHal, Inc., 961 F. Supp. 822 (E.D. Pa. 1997). On July 31,
1997, we stayed the preliminary injunction pending this
appeal.

After a careful review, we have determined that there is
no basis to disturb the preliminary injunction except in one
respect. In particular, we conclude that the Anti-Injunction
Act, 28 U.S.C. S 2283, did not preclude the district court
from granting the preliminary injunction and that the
district court did not abuse its discretion in entering an
injunction against HalRob, Inc. and RobHal Management,
Inc. barring them from seeking damages and other relief in
the New Jersey proceeding.

We conclude, however, that the injunction sweeps too
broadly. The court limited the scope of the injunction by
providing that it would not prevent the

> parties to the New Jersey action from seeking
> preliminary injunctive relief only, pending a decision by
> the above-referenced arbitrator, against Specialty
> Bakeries, Inc., Rocco Fiorentino, Frank J. Guglielmo,
> John E. Gerber, Jr. or Manhattan Bagel Company, Inc.
> to prevent them or any of them from making any
> impending material change in the status quo as it
> existed as of February 7, 1997. An impending material

> change is one that would eviscerate the arbitration
> process.

Specialty Bakeries, Inc., 961 F. Supp. at 831. The district
court used the February 7, 1997 date as HalRob filed the
New Jersey action on that day.

The district court fashioned its limitation on the
injunction in an attempt to comply with our opinion in
Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 814 (3d
Cir. 1989), in which we said the following with respect to a
court granting preliminary injunctive relief pending
arbitration:

    In sum, courts invoke the phrase `preservation of the
    status quo' as a summary explanation of the need to
    protect the integrity of the applicable dispute resolution
    process. Thus, the court granting an injunction has the
    power -- and indeed is required -- to make all factual
    findings necessary to `set forth the reason for. . .
    issuance [of injunctive relief].' Fed. R. Civ. P. 65(d).
    Moreover, because the district court must focus on
    preservation of the integrity of the arbitration process,
    the relief granted need not be limited to restoring the
    parties precisely to their pre-litigation position without
    regard to the irreparable injury that movant faces. If
    the existing `status quo' is currently causing one of the
    parties irreparable injury and thereby threatens to
    nullify the arbitration process, then it is necessary to
    alter the situation to prevent the injury.

On further appeal in Ortho we reiterated that if necessary
to preserve the arbitration process, the district court may
alter the status quo. Ortho Pharm. Corp. v. Amgen, Inc., 887
F.2d 460, 464 (3d Cir. 1989).

The difficulty with the preliminary injunction in this case
is that it permits the New Jersey plaintiffs to seek only an
order barring the defendants there, who are the plaintiffs
here, from making a material change in the status quo. But
as Amgen recognizes, the status quo in itself may "caus[e]
one of the parties irreparable injury and thereby threaten[ ]
to nullify the arbitration process." Ortho Pharm. Corp., 882
F.2d at 814. In that circumstance, "it is necessary to alter
the situation to prevent the injury." Id. Accordingly, while

3

the exception to the injunction barring the New Jersey
plaintiffs from seeking injunctive relief is acceptable as far
as it goes, it should be broadened so that the New Jersey
plaintiffs may seek a change in the status quo if necessary
to prevent a nullification of the arbitration process. Thus,
we will remand the case to the district court to modify the
preliminary injunction in accordance with this opinion.

Accordingly, in the circumstances we will affirm the order
for the preliminary injunction entered April 15, 1997, as
modified herein, and will remand the case to the district
court to enter an order modifying the preliminary
injunction in accordance with this opinion. Upon entry of
the modified preliminary injunction, the stay we entered on
July 31, 1997, will be deemed vacated without further
order. The parties will bear their own costs on this appeal.

A True Copy:

Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

4