**BEUKEMA'S PETROLEUM COMPANY, Plaintiff,**

**Suburban Oil Company, Intervenor Plaintiff-Appellee,**

v.

**ADMIRAL PETROLEUM COMPANY et al., Defendants,**

**Appeal of MARATHON OIL COMPANY, Defendant.**

**No. 79–1549.**

United States Court of Appeals, Sixth Circuit.

Decided Dec. 28, 1979.

Thomas J. McNamara, Ernest M. Sharpe, Warner, Norcross & Judd, Grand Rapids, Mich., for appellant.

Peter W. Steketee, Grand Rapids, Mich., for appellee.

Before ENGEL, KEITH and MERRITT, Circuit Judges.

PER CURIAM.

This matter has been referred to a special panel of the court for the purpose of considering a motion filed herein by defendant and appellant Marathon Oil Company "for stay of preliminary injunction pending appeal and for advancement of hearing," filed in this court on October 15, 1979.

 Upon consideration of that motion and of the supporting documents and records before the court, including the opinion of Chief District Judge Noel P. Fox, entered in the district court on September 10, 1979, it appears that no preliminary injunc-

tive order from which an appeal can be taken has yet been filed in the district court. Therefore, any appeal therefrom or any motion for stay is premature.

 The express provisions of Federal Rule of Civil Procedure 58 require that every judgment shall be set forth on a separate document. Preliminary injunctions are made appealable pursuant to 28 U.S.C. § 1292(a)(1). Furthermore, Federal Rule of Civil Procedure 54(a) provides in part that " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Therefore, it appears to the court that the express provisions of Rule 58 for entry of judgment on a separate document applies not only to final judgments in the ordinary sense but also to preliminary injunctions entered pursuant to Rule 65, Fed.R.Civ.P., and made appealable under 28 U.S.C. § 1292(a)(1).[1]

The United States Supreme Court, in *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), originally stated that Rule 58 must be mechanically applied in order to avoid uncertainties as to the date on which a judgment is entered. That case, however, involved the effect of a jury verdict for purposes of determining whether a final judgment for monetary damages had been entered pursuant to 28 U.S.C. § 1291, rather than injunctive relief under Section 1292(a)(1). Further, the *Indrelunas* decision must be considered in light of *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), where the Court modified the separate-document requirement of Rule 58 to the extent that it is viewed as subject to waiver by the parties, and is not considered a categorical imperative.

Specifically, the *Mallis* Court stated:

The separate document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the

1. *See, e. g., Furr's Cafeterias, Inc. v. NLRB*, 566 F.2d 505, 507 (5th Cir. 1978) (preliminary injunction is subject to Rule 58); *Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572, 578 n. 6 (10th Cir. 1975) ("A preliminary injunction is a 'judgment' that must be reduced to a written instrument under Rule 58.").

District Court only to have the Appellate Court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely. The 1963 amendment to Rule 58 made clear that a party need not file a notice of appeal until a separate judgment has been filed and entered. See *United States v. Indrelunas*, 411 U.S. 216, 220–222, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). Certainty as to timeliness, however, is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the Court of Appeals to dismiss the appeal. Upon dismissal, the District Court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

*Id.* at 385, 98 S.Ct. at 1120.[2]

We do not view the rationale of *Indrelunas* as being affected by *Mallis* under the circumstances here, especially since this appeal involved injunctive relief under Section 1292(a)(1). In *Mallis* the district court had evidenced an intent that the opinion and order would represent the final decision in that case, and a judgment of dismissal was recorded in the clerk's docket. *Id.* at 387, 98 S.Ct. 1117. No such docket entry is reflected here and the memorandum opinion of the court expressly provides that "A preliminary injunction will be issued. . ." Under such circumstances we believe that the memorandum opinion of the court can not and should not act independently as an operable judgment within the meaning of Rule 58. This is especially true where the order is in the form of a mandatory injunction and certainty, concerning not only its express commands but also the effective

date of its operation, is of paramount importance to all parties.

Other courts have similarly perceived the need for requiring that district court orders comply with the separate judgment rule. Although the policy announced in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), is salutary when the issue involves filing requirements for a timely appeal, the potential problems which may stem from injunctive relief would seem to require greater efforts toward compliance. A typical example is found in *Herschensohn v. Hoffman*, 593 F.2d 893 (9th Cir. 1979), which involved an attempt to hold defendants in contempt of court for allegedly violating an injunctive order. Since no separate document was ever filed, however, the Ninth Circuit reversed a subsequent finding of contempt by holding that "no injunction was issued, but only direction for the entry of a permanent injunction against infringement." *Id.* at 899. The *Herschensohn* court interpreted the effect of *Mallis* on Rule 58 as providing for waiver by the parties in certain cases but perceived difficulty in determining the effect of a memorandum and order purportedly issuing an injunction stated in the future tense. Further, the court noted that the memorandum decision did not comply with Fed.R.Civ.P. 65(c), in that no bond was required.

In *Turner v. Air Transport Lodge 1894*, 585 F.2d 1180 (2d Cir.), *cert. denied*, 442 U.S. 919, 99 S.Ct. 2841, 61 L.Ed.2d 286 (1978), the Second Circuit stated that although the absence of a separate document does not foreclose appellate review, the "better [practice] is to set forth the decision in a separate document called a judgment." *Id.* at 1182. In addition, the court stated, "In any event we believe that the question raised by this appeal can be more fully considered if the decision below is made

---

**2.** A compelling factor in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), was that the appeal had already been decided by the Second Circuit and no question as to the timeliness of the appeal was involved. In that context, the Court viewed the need for technical compliance with Fed.R. Civ.P. 58 as superfluous and treated the parties' conduct as an implied waiver of the re-

quirement. The Court did note, however, that it assumed, without deciding, that the requirements for an effective judgment set forth in the Federal Rules of Civil Procedure must generally be satisfied before Section 1291 jurisdiction may be invoked. *Id.* at 384, 98 S.Ct. 1117. We believe the same is true when relief is sought under Section 1292(a)(1) from an injunctive order.

explicit in a judgment." *Id.* Therefore, the *Turner* court retained jurisdiction over the appeal and ordered that after the district court judgment was entered, the record on appeal should be promptly returned to the court for further decision. *See also Elfenbein v. Gulf & Western Industries, Inc.,* 590 F.2d 445 (2d Cir. 1978).

■ Admittedly, the district court's opinion here is quite explicit in stating the effect and scope of the injunction to be issued. However, there is no practical reason to ignore the lack of Rule 58 formality at this juncture of the proceedings, and the better practice calls for compliance in this case even though the parties have treated the opinion as an appealable preliminary injunction.

Finally, we note that our remand, coming as it does before our consideration of the merits of the appeal, in no way can be interpreted as preventing the loss of the right of appeal, a major concern of *Mallis, supra,* 435 U.S. at 386, 98 S.Ct. 1117. Instead, this action should ultimately facilitate the appeal by providing the parties and this court with a clear and well-defined judgment.

Since the matter must in all events be remanded, we call attention to the absence of any consideration of the Rule 65 requirement for the giving of security in the district court's memorandum opinion, and believe that this matter would not have been omitted in a separate preliminary injunctive order.

In *Roth v. Bank of the Commonwealth,* 583 F.2d 527 (6th Cir. 1978), we observed that "it was error for the judge, not necessarily to have failed to require a bond in any particular amount, but to have failed to exercise the discretion required of him by Rule 65(c) by expressly considering the question of requiring a bond." *Id.* at 539. While the injunction as proposed by the district court calls for cash payment for all fuel and diesel oil deliveries, appellant Marathon Oil Company has asserted potential damage to itself in complying with Chief Judge Fox's findings. If Marathon is compelled to purchase additional supplies of oil on the open market at prices higher than it may lawfully charge Suburban, it may prove a factor of potential damage should it develop that the injunction was improvidently granted. If on remand this appears to be a reasonable possibility, the exercise of discretion may suggest requiring security as a protection against that risk.

Accordingly, an order will issue remanding this cause to the district court for prompt entry of an injunction upon a separate document in conformity with Rule 58, Fed.R.Civ.P. The injunction shall comply with Rule 65(c) with reference to the giving of security by the applicant. After entry of the injunction, the record on appeal, including the injunction so entered, shall be promptly returned to this court, which retains jurisdiction of the appeal in all other respects upon the return to this court, the pending motion for stay and response thereto will be treated by the court as applying to the injunction so to be entered.

Costs to await the final outcome of this appeal.