765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM F. WYNN, PLAINTIFF-APPELLANT,
v.
R.D. LUKEN, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-5785
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ORDER
 BEFORE: ENGEL and MARTIN, Circuit Judges; and TIMBERS, Senior Circuit Judge.*
 
 
 1
 Plaintiff pro se appeals the August 9, 1983 district court order granting summary judgment to defendants and the August 16, 1984 district court order denying his motion to transfer. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a prisoner at Fort Pillow State Farm, sought injunctive, declaratory and monetary relief against defendants, United States Postal Service and two postal investigators. Plaintiff asserted that his rights were violated when prison officials searched his cell and seized his money orders during a postal service investigation of altered money orders at the prison. Plaintiff also claims that the postal service's retention of his money orders violated due process by depriving him of his property.
 
 
 3
 Plaintiff's notice of appeal from the August 9, 1983 district court order granting summary judgment was filed over one year after that order was entered. Plaintiff contends that he did not know that the order granting summary judgment was a final order. Rule 58, Federal Rules of Civil Procedure, provides that every judgment should be set forth on a separate document. The purpose of the rule is to provide notice of finality to a potential appellant. United States v. Indrelunas, 411 U.S. 216 (1973); Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626 (6th Cir. 1979). In the case at bar, there was no Rule 58 entry of judgment. In addition, the August 9, 1983 order granting summary judgment to defendants only stated that defendants' motion was sustained. It is reasonable to assume that under these circumstances a pro se party would not have notice of finality. Plaintiff did, however, file a timely notice of appeal from the August 19, 1984 order denying his motion to transfer. In the August 19 order, the district court judge indicated that the August 9, 1983 order had been a final order. Normally, the absence of a separate document indicating finality of judgment requires remand for the purpose of entry. In this instance, remand would serve no useful purpose. We conclude that plaintiff's timely notice of appeal from the August 19, 1984 order brings his appeal from judgment properly within the jurisdiction of this Court because he received notice of the final judgment on August 19, 1984.
 
 
 4
 On the merits, defendants contend that they are immune from suits. The Postal Reorganization Act of 1976, 39 U.S.C. Sec. 401(1), provides that the Postal Service shall have the power to sue and be sued. Congress, therefore, intended to waive at least some of the sovereign immunity previously afforded the Postal Service. See, Franchise Tax Board of California v. United States Postal Service, ---- U.S. ----, 104 S.Ct. 2549 (1984).
 
 
 5
 Even if the Postal Service is not immune from suits, however, plaintiff's claim lacks merit. If plaintiff's claim is categorized as a Fourth Amendment claim, a prisoner has no reasonable expectation of privacy in his cell entitling him to protection against unreasonable searches and seizures. Hudson v. Palmer, ---- U.S. ---- 104 S.Ct. 3194 (1984). This includes the seizure of non-contraband material. Hudson, supra.
 
 
 6
 On the other hand, if plaintiff's claim is construed as a Fifth Amendment due process claim, plaintiff still fails. The actions of postal officials in conducting an investigation which are supported by affidavits setting forth reasonable grounds for those actions do not constitute a violation of due process. Contemporary Mission, Inc. v. United States Postal Service, 698 F.2d 97, 106 (2d Cir. 1981).
 
 
 7
 Finally, the district court was correct in denying plaintiff's motion to transfer his case to the United States Court of Claims because the case had already been adjudicated and there was nothing left to transfer.
 
 
 8
 Accordingly, it is ORDERED that the district court's judgment is affirmed pursuant to Rule 9(d)(3), Sixth Circuit Rules.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation