770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY MIZE ANDERSON, M. EDWARD RUMAGE, WILLIAM EARL WINGO AND
FYKE FARMER, PLAINTIFFS-APPELLANTS,
v.
SAMUEL R. PIERCE, JR., METROPOLITAN GOVERNMENT OF NASHVILLE
AND DAVIDSON COUNTY, RICHARD H. FULTON, CHARLES E. CARDWELL,
ROBERT B. PURYEAR, III, METROPOLITAN DEVELOPMENT AND HOUSING
AGENCY, AND UNITED STATES OF AMERICA, DEFENDANTS-APPELLEES.
 NO. 84-5996
 United States Court of Appeals, Sixth Circuit.
 7/19/85
 
 M.D.Tenn.
 APPEAL DISMISSED
 ORDER
 BEFORE: JONES, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 Upon consideration of the defendants' motions to dismiss this appeal for lack of jurisdiction and their request for double costs and attorney fees, and further considering the response filed by the plaintiffs,
 
 
 2
 This Court concludes that it does, indeed, lack jurisdiction over the cause because the district court failed to enter its orders dismissing plaintiffs' suits in compliance with the separate-document requirement of Rule 58, Federal Rules of Civil Procedure. This rule was amended in 1963 to clarify that a party need not file a notice of appeal until a separate judgment has been filed and entered on the docket sheet. See United States v. Indrelunas, 411 U.S. 216, 220-222 (1973). In Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978), the Supreme Court ruled that the failure of the district court to enter its judgment on a separate document may be excused when the opinion and order entered in the cause was intended by the district court to be the final decision in the case and when the parties are not otherwise prejudiced by the absence of the separate judgment.
 
 
 3
 Upon review of the circumstances in this case, this Court concludes that the absence of the separate judgments may not be excused in this case. If the plaintiffs' appeal time started to run with the entry of the district court orders on July 6, August 15, August 22, and September 26, 1984 dismissing the plaintiffs' suits and granting the defendants costs and attorney fees, it is clear that the plaintiffs filed an untimely appeal on November 2, 1984 from these orders. They are, accordingly, prejudiced by the mere fact that they are bringing an untimely appeal from orders which they seek to challenge on appeal. It is also questionable whether the district court clearly intended its order of July 6, 1984 to be its final judgment in light of its order of September 26, 1984 consolidating the removed case with the federal cause of action. Furthermore, the Sixth Circuit has narrowly construed the Bankers Trust exception to the separate-document requirement by ruling in Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626 (6th Cir. 1979) (per curiam) that the exception is not applicable to orders respecting injunctions, and that these orders must still be entered on a separate document in order to make them appealable to this Court. In light of Beukema's, it is also clear that the plaintiffs cannot even appeal from the district court's order entered on October 3, 1984 enjoining them from filing any future lawsuits concerning the Nashville construction project because it was not entered on a separate document.
 
 
 4
 It is, accordingly, ORDERED that this appeal be and hereby is dismissed for lack of jurisdiction pursuant to Rule 9(d)(1), Rules of the Sixth Circuit. The cause is also hereby ORDERED remanded to the district court for entry of a final judgment finally dismissing plaintiffs' actions and awarding the defendants injunctive relief. This appeal shall be resubmitted under this same case number upon the return of the district court record with the supplemental record containing its final judgment. The defendants' request for double costs and attorney fees is also hereby denied without prejudice to its resubmission after entry of this Court's judgment entered on review of the cause.