791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY SALYERS, EVELYN REED, AND EMIL TRENT, ON BEHALF OF
THEMSELVES AND ALL OTHER PERSONS SIMILARLY
SITUATED, Plaintiffs-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5237
 United States Court of Appeals, Sixth Circuit.
 4/8/86
 
 REMANDED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: ENGEL, KRUPANSKY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Mary Salyers, Evelyn Reed, and Emil Trent (collectively plaintiffs) appealed from the district court's denial of plaintiffs' motions for a preliminary injunction and for certification of a plaintiff class in this action to review the denial of social security disability benefits. In brief, plaintiffs challenged the overly stringent interpretation of the term 'severe impairment' imposed by the Secretary of Health and Human Services (the Secretary) through her regulations at the second stage of the five-step sequential process by which the Secretary evaluates claims of disability under the Social Security Act. See 20 C.F.R. Secs. 404.1520(c); 416.920(c). Plaintiffs in their complaint petitioned the district court to represent
 
 
 2
 all SSDI and SSI claimants residing in the Commonwealth of Kentucky who have or have had applications for disability benefits and who are or have been denied pursuant to the policy set forth in 20 C.F.R. Sec. 404.1520(c), .1521 and .1522, 416.920(c), .921, and .922, and Social Security Ruling 82-55, on the basis that they do not have a 'severe' impairment; and all recipients of such benefits who are making or have made claims for continued benefits, and whose benefits are being or have been terminated pursuant to the same policies.
 
 
 3
 This circuit has recently concluded that, although the Secretary's regulations do not conflict with the statutory mandate of the Social Security Act in light of the Social Security Disability Benefits Reform Act of 1984, those regulations must be interpreted as directing that an impairment qualifies as nonsevere only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work. See Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985); Salmi v. Secretary of Health and Human Services, 774 F.2d 685 (6th Cir. 1985).
 
 
 4
 At the outset this court is presented with a procedural problem implicating the propriety of this court's entertaining plaintiffs' appeal. Subsequent to the filing of their initial complaint, plaintiffs moved for class certification on August 9, 1984 and for a preliminary injunction on August 13, 1984. On November 13, 1984, the district court filed a two-page entry, denominated an 'order,' which discussed in three paragraphs the inappropriateness of class certification in this case and thereafter denied the plaintiffs' motions for class certification, preliminary injunction, and interim benefits, denied defendant's motion to dismiss, and directed the Secretary to file the administrative records of each of the named plaintiffs within sixty (60) days of the entry of the order. On December 21, 1984, plaintiffs filed a motion for reconsideration of the November 13 order denying a preliminary injunction and class certification. On January 31, 1985, the district court denied plaintiffs' motion for reconsideration. On February 25, 1985, plaintiffs filed a motion to amend the November 13, 1984 order requesting the court to enter each order separately. The docket sheet of the district court as certified to this court discloses no ruling by the district court on plaintiffs' motion to amend prior to the filing of plaintiffs' notice of appeal from the November 13, 1984 and January 31, 1985 orders, which notice of appeal was filed March 21, 1985.[1]
 
 
 5
 On this record, the question of the timeliness of plaintiffs' notice of appeal is immediately joined. Federal Rule of Appellate Procedure 4(a)(1) requires that in a civil case in which an agency of the United States is a party the notice of appeal must be filed within 60 days after the entry of the judgment of order from which appeal is taken. Fed.R.App.P. 4(a)(1). While plaintiffs' March 21, 1985 notice of appeal was filed within 60 days of the district court's January 31, 1985 denial of plaintiffs' motion for reconsideration, it clearly was not filed within 60 days of the district court's November 13, 1984 order originally denying plaintiffs' motions for preliminary injunction and class certification. Plaintiffs' December 21, 1984 motion for reconsideration in these circumstances cannot be construed as tolling the time for plaintiffs' appeal inasmuch as it was not served within 10 days of the original November 13, 1984 order. See Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264-65, 98 S.Ct. 556, 560-61, 54 L.Ed.2d 521 (1978); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir. 1984); Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1019 (6th Cir. 1983). See also Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 59(e).[2]
 
 
 6
 Plaintiffs nevertheless contended on appeal that this court possesses jurisdiction to consider their claims inasmuch as the district court's November 13, 1984 order denying preliminary injunctive relief and class certification failed to comply with the requirement of Federal Rule of Civil Procedure 58 that every judgment be set forth on a separate document. Fed.R.Civ.P. 58.[3] They reason that time for their appeal remains tolled due to the absence of an order in final appealable form.
 
 
 7
 This court agrees that the district court's November 13, 1984 order, discussed above, is not in compliance with the dictates of Rule 58.[4] This court has previously held that the express provisions of Rule 58 for entry of judgment on a separate document apply not only to final judgments in the ordinary sense but also to preliminary injunctions. See Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626, 627 (6th Cir. 1979). See generally 6A Moore's Federal Practice p58.02.1 at 58-22 n.12 (1985); 11 Wright & Miller, Federal Practice and Procedure Sec. 2785 (1973 & Supp. 1985); Fed. R. Dig. p58.31 (Callaghan 3d ed. 1982 & Supp. 1985); Annot., 53 A.L.R. Fed. 595 (1981 & & Supp. 1985).[5] However, plaintiffs' conclusion that this court can therefore entertain the appeal does not follow, since an appeal noticed prior to the entry of judgment will be dismissed as premature. See Wright & Miller, supra, at Sec. 2781. Plaintiffs are therefore confronted with the dilemma that if the district court's November 13, 1984 order was in compliance with Rule 58, plaintiffs' appeal is untimely; if, on the other hand, that order was not a proper entry of judgment of the denial of preliminary injunctive relief, plaintiffs' appeal may be considered premature.
 
 
 8
 In considering the issue, the court notes that the purpose of Rule 58 is to enhance certainty by insisting on formality. Wright & Miller, supra, at Sec. 2781. See also Fed.R.Civ.P. 58 adv. comm. note; United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). A number of decisions of this circuit have held that failure to comply with the separate document requirement of Rule 58 deprives the appellate court of jurisdiction to hear the case. See, e.g., Huecker v. Milburn, 538 F.2d 1241 (6th Cir. 1976), overruled on other grounds, Shimman v. Intl. Union of Operating Engineers, Local 18, 744 F.2d 1226 (6th Cir. 1984), cert. denied, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985); United States v. Dean, 519 F.2d 624 (6th Cir. 1975); Columbus Coated Fabrics v. Industrial Comm. of Ohio, 498 F.2d 408 (6th Cir. 1974); Richland Trust Co. v. Federal Ins. Co., 480 F.2d 1212 (6th Cir. 1973). More recent decisions, however, recognize that the requirements of Rule 58 may be waived under certain circumstances and that the rule necessitates a common sense application rather than a technical one. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978); Falls Stamping & Welding Co. v. International Union, UAW, 744 F.2d 521, 526 (6th Cir. 1984). Rule 58 was not designed as a trap for the inexperienced but should be interpreted to prevent loss of the right to appeal, not to facilitate loss. Mallis, 435 U.S. at 386, 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Practice p110.08 at 120 n.7 (1970)).
 
 
 9
 Accordingly, this court adopts the disposition enunciated by this circuit in Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626 (6th Cir. 1979), wherein it was noted that:
 
 
 10
 Admittedly, the district court's opinion here is quite explicit in stating the effect and scope of the injunction to be issued. However, there is no practical reason to ignore the lack of Rule 58 formality at this juncture of the proceedings, and the better practice calls for compliance in this case even though the parties have treated the opinion as an appealable preliminary injunction.
 
 
 11
 Id. at 629. The court in Beukema's remanded the case to the district court for entry of an order in compliance with Rule 58 and retained jurisdiction over the merits of the appeal pending prompt resubmission of the appeal to the same panel subsequent to that entry. Id. The panel noted that the disposition was consistent with the Supreme Court's language in Mallis and that the action would 'ultimately facilitate the appeal by providing the parties and this court with a clear and well-defined judgment.' Id. See also In re Ozark Restaurant Equipment Co., 761 F.2d 481, 484 (8th Cir. 1985) (better practice is to remand case to district court with instructions to remand to bankruptcy court for entry of judgment on separate document without prejudice to taking of timely appeal to district court upon entry of judgment); Turner v. Air Transport Lodge 1894, 585 F.2d 1180, 1182 (2d Cir. 1978) (remanding to district court to enter separate judgment and ordering subsequent return of record with judgment so entered to court of appeals which retained jurisdiction for disposition upon return of record).
 
 
 12
 Accordingly, this cause is remanded to the district court for prompt entry of an order denying a preliminary injunction and class certification upon a separate document in conformity with Rule 58, Fed.R.Civ.P. After entry of the order denying an injunction and class certification, the record on appeal, including the order so entered, shall be promptly returned to this court, which retains jurisdiction of the appeal in all other respects upon the return to this court.
 
 
 
 [1]
 Subsequent to plaintiffs' notice of appeal, both the district court and this court denied plaintiffs injunctive relief and conditional class certification pending appeal. See Salyers v. Secretary of Health and Human Services, No. 85-5237, order (6th Cir. June 12, 1985)
 
 
 [2]
 The court also notes that whether the motion for reconsideration is in itself appealable is in doubt. See Denley, 733 F.2d at 42-43. Nevertheless, given the disposition which follows, this court need not address this issue
 
 
 [3]
 Rule 58 provides:
 Rule 58. Entry of Judgment
 Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.
 Fed.R.Civ.P. 58. Rule 54 clarifies that "[j]udgment' as used in these rules includes a decree and any order from which an appeal lies.' Fed.R.Civ.P. 54(a).
 
 
 [4]
 The orders denying the four motions were entered in one document together with the district court's discussion, albeit brief, of the merits of class certification
 
 
 [5]
 28 U.S.C. Sec. 1292(a)(1) allows appellate courts to entertain appeals of certain interlocutory decisions, including '[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except when direct review may be had in the Supreme Court.'