933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee Cross-Appellant,
v.
GREAT LAKES EQUITIES, COMPANY, G. Reynolds Sims, Lawrence M.
Kowal, Defendants-Appellants Cross-Appellees,
Eric R. Bryen, Defendant.
 Nos. 91-1354, 91-1405 and 91-1525.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendants Great Lakes Equities, Co. ("GLE"), G. Reynolds Sims (Case No. 91-1354), and defendant Lawrence M. Kowal (Case No. 91-1405) appeal from the September 4, 1990 interlocutory order finding that the defendants violated the securities laws, granting permanent injunctive relief against them, and requiring an evidentiary hearing to determine the appropriate amount of disgorgement. The Securities and Exchange Commission (the "SEC") cross-appeals (Case No. 91-1525). Defendants GLE, Sims, and Kowal now seek an emergency stay pending appeal to stay the disgorgement hearing before the district court. The SEC opposes the stay and moves to dismiss the appeals. Defendants oppose the motion to dismiss.
 
 
 2
 The September 4, 1990 order granting permanent injunctive relief against the defendants is not set forth in a separate document as required by Rule 58 of the Federal Rules of Civil Procedure. Therefore, as no judgment granting an injunction has been entered, this court lacks jurisdiction over the appeal. Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626, 627 (6th Cir.1979) (per curiam); see United States v. Indrelunas, 411 U.S. 216 (1973) (per curiam); see United States v. Woods, 885 F.2d 352 (6th Cir.1989) (per curiam). Defendants have not demonstrated that the parties waived the Rule 58 separate document requirement. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978) (per curiam).
 
 
 3
 Defendants GLE, Sims, and Kowal in seeking an emergency stay, have demonstrated no irreparable harm that would warrant the entry of an order staying the disgorgement proceedings before the district court. After entry of a final judgment, defendants will have the opportunity to seek review in this court. Moreover, due to the dismissal of these appeals, the motion for stay is moot.
 
 
 4
 It therefore is ORDERED that the SEC's motion to dismiss is granted and Cases Nos. 91-1345, 91-1405, and 91-1525 are dismissed. It is further ORDERED that the motion for stay is denied as moot.