In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 19-2200, 19-2713 & 19-2782

MILLERCOORS LLC,

*Plaintiff-Appellant, Cross-Appellee,*

*v.*

ANHEUSER-BUSCH COMPANIES, LLC,

*Defendant-Appellee, Cross-Appellant.*

———————————

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 19-cv-218-wmc — **William M. Conley**, *Judge*.

———————————

ARGUED SEPTEMBER 23, 2019 —
INTERIM ORDER OCTOBER 18, 2019

———————————

Before EASTERBROOK, HAMILTON, and ST. EVE, *Circuit Judges*.

PER CURIAM. On May 24, 2019, the district court entered an opinion that concludes with language that the judge believed would serve as a preliminary injunction. MillerCoors filed an appeal, which has been docketed as No. 19-2200. But the district court did not comply with Fed. R. Civ. P.

65(d)(1)(C), which requires every injunction to be set forth
without referring to any other document. See, e.g., *Chicago v.
Sessions*, No. 17-2991 (7th Cir. Aug. 10, 2018) (en banc), slip
op. 3 (Rule 65 "requires a separate document setting forth
the terms of such an injunction"); *Auto Driveaway Franchise
Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670,
676 (7th Cir. 2019); *BankDirect Capital Finance, LLC v. Capital
Premium Financing, Inc.*, 912 F.3d 1054, 1057 (7th Cir.
2019); *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 527 (7th
Cir. 1988); *Chief Freight Lines Co. v. Teamsters Local No. 886*,
514 F.2d 572, 578 n.6 (10th Cir. 1975).

In supplemental jurisdictional memoranda filed at our
request after oral argument, both sides acknowledged that
the district court failed to comply with Rule 65(d). Neither
side asked us to depart from the decisions we have cited.

On September 4, 2019, while appeal No. 19-2200 was
pending, the district court entered another opinion stating
that it was "modifying" the decision of May 24. The district
court did not follow the procedure specified by Fed. R. Civ.
P. 62.1 for modifying an order that is before the court of ap-
peals, nor did it discuss the rule that only one court at a time
has jurisdiction over "those aspects of the case involved in
the appeal." *Griggs v. Provident Consumer Discount Co.*, 459
U.S. 56, 58 (1982). And as with the May 24 opinion, the dis-
trict court did not comply with Rule 65(d). Nor did the judge
modify the injunction as a condition of a stay or bond pend-
ing appeal, as Rule 62(d) permits. (It provides: "While an
appeal is pending from an interlocutory order or final judg-
ment that grants, continues, modifies, refuses, dissolves, or
refuses to dissolve or modify an injunction, the court may
suspend, modify, restore, or grant an injunction on terms for

bond or other terms that secure the opposing party's rights." The authority to make changes linked to bonds or otherwise secure the enjoined party's rights differs from a blanket grant of permission to impose new obligations, and substantially alter the issues, while appeals are pending.) Anheuser-Busch's appeal from the September 4 order has been docketed as No. 19-2713.

On September 6, 2019, the district court modified the modification of September 4. Once again it did not discuss its jurisdiction to do so, did not rely on Rule 62(d), did not follow the procedure specified by Rule 62.1, and did not comply with Rule 65(d). Anheuser-Busch's appeal from the order of September 6 has been docketed as No. 19-2782.

Although the district court's intent to afford enforceable equitable relief is sufficiently clear to provide appellate jurisdiction despite the noncompliance with Rule 65(d), see *Calumet River Fleeting, Inc. v. Operating Engineers Union*, 824 F.3d 645, 650 (7th Cir. 2016), enforcing that Rule is sufficiently important that we order a limited remand with instructions to enter the injunction on a document separate from the opinions.

In the process, the district court may be able to avoid the potential jurisdictional problems that its modifications of the initial order have created. (We call them modifications even though the order of September 4 does not change any language of the May 24 decision. It seems more like a second preliminary injunction, although the judge called it a modification. The September 6 order, by contrast, explicitly modifies the September 4 order.) While we recognize that a district court is in the best position to address urgent issues and changes in circumstance related to a preliminary injunction,

the court must nonetheless comply with the procedures for doing so in order to avoid creating potential complications on review. A single injunction complying with Rule 65(d) would be subject to appeal—and, as there has not yet been even one injunction that satisfies Rule 65(d), the consolidated injunction could be treated as the initial order, allowing both sides to appeal without any potential obstacle in the *Griggs* doctrine or Rule 62.1, or any need for us to consider the disagreement among the circuits about the extent to which preliminary injunctions are subject to modification by a district judge while an appeal is pending. Compare *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir. 1989), with *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820 (5th Cir. 1989).

If the district court wants to make still further changes, in light of discovery in the ongoing litigation, it is free to do so—though the judge also is free to enter an injunction consolidating all decisions made to date but leaving all else to the permanent-injunction phase. We leave this decision in the capable hands of the district court.

Once the district court has complied with this limited remand, both sides should file new notices of appeal and propose a schedule for new briefs. The briefs already filed concerning the May 24 order may be incorporated by reference, but we have yet to receive briefs concerning the September 4 and 6 orders. All aspects of the case must be fully briefed before this court will proceed to decision.

HAMILTON, *Circuit Judge*, dissenting. I respectfully dissent from the remand order. We do not need to remand this appeal from the district court's preliminary injunction of May 24, 2019. It is briefed, argued, and ready to be decided on the merits. Judge Conley complied with all of the formal requirements for issuing an injunction. With respect, contrary to my colleagues' views, Rule 65(d)(1) simply does not contain the "separate-document" requirement that is the basis for the majority's remand. The majority offers here no textual or other defense for dicta in prior cases asserting such a requirement. Never before have we put any teeth behind this groundless and trivial "requirement." This is a case where text and pragmatics point in the same direction. We need not remand for formalistic compliance with an imagined and non-jurisdictional rule that no party has raised. In addition, on the more consequential issue here, the district court had jurisdiction to issue its two September orders on BudLight's packaging.

I address in Part I the Rule 65(d) issue and in Part II the issues posed by the district court's separate injunction on packaging and its emergency order relaxing that injunction at Anheuser-Busch's request.

I. *A Separate Document?*

The formal requirements of Rule 65(d)(1)—those actually included in the text of the rule—are vital when a district judge exercises one of the most awesome powers of the office: issuing a preliminary injunction that is enforceable by contempt sanctions. Here are the textual requirements:

(1) Contents. Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Compliance with these requirements ensures that a party who is restrained by a preliminary injunction knows clearly what conduct is being restrained and why. Oral orders can be vague and easily misunderstood. Incorporating other documents can lead to uncertainty. Failing to state clearly the reasons for the injunction may lead to hasty, sometimes too-casual analysis.

In this case, the preliminary injunction is in a document titled "Opinion *and Order*," which sets forth a detailed and thoughtful analysis of the facts and the law. Under the heading "Order" on page 49, the document spells out what is prohibited:

> IT IS ORDERED that:
>
> 1) Plaintiff MillerCoors, LLC's motion for preliminary injunction (dkt. #8) is GRANTED IN PART AND DENIED IN PART as follows. Defendant Anheuser Busch is PRELIMINARILY ENJOINED from using the following language within ten (10) days of this order in its commercials, print advertising and social media:
>
> • Bud Light contains "100% less corn syrup";
>
> • Bud Light in direct reference to "no corn syrup" without any reference to "brewed with," "made with" or "uses";

> • Miller Lite and/or Coors Light and "corn syrup" without including any reference to "brewed with," "made with" or "uses"; and
>
> • Describing "corn syrup" as an ingredient "in" the finished product.

*MillerCoors, LLC v. Anheuser-Busch Cos.*, 385 F. Supp. 3d 730, 760 (W.D. Wis. 2019). This approach was not unusual; district judges issue such orders often, combining the opinion and the order, ordinarily without objection from the parties or this court as to the form. See, e.g., *Dexia Credit Local v. Rogan*, 602 F.3d 879, 884 (7th Cir. 2010) (affirming injunction in same document as reasons for issuing it: "The injunction is sufficiently precise and self-contained, and we require nothing more to comply with Rule 65."); *Russian Media Group, LLC v. Cable America, Inc.*, 2009 WL 440957, at *3 (N.D. Ill. Feb. 19, 2009) (combining findings of fact, conclusions of law, and specific terms of preliminary injunction in one document), *aff'd*, 598 F.3d 302 (7th Cir. 2010).

The order at the end of the combined "Opinion and Order" complied with all of the express requirements of Rule 65(d)(1). It served all the purposes of that rule. No party has objected to its form. When the panel questioned this form in oral argument, counsel for Anheuser-Busch confirmed that his client understood that it was being enjoined and understood what was required. It also understood that it could appeal if it wanted to. The order may or may not turn out to be sound on the merits, but there is no formal problem with it, nothing that affects appellate jurisdiction, and nothing that justifies a remand for the district judge to copy the text from page 49 and paste it into a new, separate document.

The majority, however, asserts that Rule 65(d) requires every injunction to be set forth on a separate document that does not refer to any other document. With respect, that requirement does not appear in Rule 65(d). The requirement does appear as dicta in a number of our cases dating back to 1988, but as explained below, those cases required us to address other, genuine problems in the preliminary injunctions. Until now, we have never attached any real consequences to a failure to comply only with this imagined, non-textual requirement. Rather than attach new consequences now through this remand, we should retreat from our earlier dicta.

A good place to start is *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 912 F.3d 1054, 1057 (7th Cir. 2019), where we identified several critical problems in a preliminary injunction: the injunction left important issues unresolved; it used ambiguous language and seemed to incorporate another document; and it required no bond. We also said this regarding a separate document:

> Third, the district court failed to enter an injunction as a separate document under Fed. R. Civ. P. 65(d)(1)(C). Language in an opinion does not comply with Rule 65(d). See *Gunn v. University Committee to End the War*, 399 U.S. 383 (1970). Neither side reminded the district court of the need to enter an injunction.

*Id.* As noted, Rule 65(d)(1)(C) contains no such requirement. My colleagues and I agree, of course, that language in an opinion that stops short of an explicit order does not amount to an enforceable order. Here, however, the language of the

order was clear here, and *Gunn* is not on point for a "separate-document" requirement.[1]

In *BankDirect*, we recognized that the district court had issued a written order that it expected the defendant to obey. That was enough to give us appellate jurisdiction—draining of any force the suggestion in the opinion that "no injunction" had been entered. Failure to comply with the textual requirements of Rule 65(d) does not defeat appellate jurisdiction, lest the enjoined party be unable to obtain appellate review with the threat of contempt sanctions hanging over her head. E.g., *Abbott v. Perez*, 138 S. Ct. 2305, 2321 (2018); *Advent Electronics, Inc. v. Buckman*, 112 F.3d 267, 273 (7th Cir. 1997) (finding appellate jurisdiction over appeal from preliminary injunction that merely incorporated terms of another document). By contrast, when there is genuinely no injunction at all, there is no appellate jurisdiction. E.g., *Bates v. Johnson*, 901 F.2d 1424, 1428 (7th Cir. 1990) ("Because the state is not under an enforceable constraint, there is nothing before us on appeal."). We vacated the injunction in *BankDirect*—but not because of the formal problems we identified. We vacated because the

---

[1] In *Gunn*, a three-judge district court had issued an opinion saying that a statute was unconstitutional. Regarding relief, the opinion said: "The Plaintiffs herein are entitled to their declaratory judgment to that effect, and to injunctive relief against the enforcement of [the statute] as now worded, insofar as it may affect rights guaranteed under the First Amendment." 399 U.S. at 386. No language in the district court's opinion could be understood as enjoining any particular defendant from doing anything in particular, as required under Rule 65. No wonder, then, that the Supreme Court dismissed the appeal for want of jurisdiction under 28 U.S.C. § 1253 because the district court "has issued neither an injunction nor an order granting or denying one." 399 U.S. at 390.

injunction should have expired, according to its rationale, months before the appeal was even argued. 912 F.3d at 1059.

In *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670 (7th Cir. 2019), we repeated, with very careful wording, the separate-document point from *BankDirect*: "*We interpret* Rule 65(d)(1)(C) to require that an injunction must be embodied in a standalone separate document." *Id*. at 676 (emphasis added), citing 912 F.3d at 1057. The district court in *Auto Driveaway* issued one document. It started with eight pages of legal analysis and ended with a preliminary injunction with specific terms. Our opinion did not question the "separate-document" dicta from *BankDirect*, but we declined to attach any consequences to failure to comply. We found that the absence of a separate document did not affect appellate jurisdiction. 928 F.3d at 676–79. The order had the practical effect of an injunction and satisfied all of the textual requirements of Rule 65(d). *Id*. at 678. We therefore said there was no need to remand the case to cure the lack of a separate document, and we proceeded to the merits. *Id*. at 679. We should do the same here.[2]

The "separate-document" requirement in this circuit stems from language in *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525 (7th Cir. 1988), where the district court had failed to comply with the Rules' express and important requirements. The

---

[2] My colleagues and I agree that failure to comply with the *express* formal requirements of Rule 58 and 65 can cause all sorts of avoidable and expensive procedural snarls. That has been shown in scores or hundreds of our cases in recent decades. I too can be a Rule 58 "hawk." My objection here is to enforcement of a non-textual requirement that serves no apparent purpose beyond the textual requirements.

district court had issued an opinion that was intended to re-solve the case entirely. It ended:

> It is therefore ordered, that summary judgment is granted in favor of the plaintiff. The court fur-ther orders that the preliminary injunction now in effect against defendant be made permanent, subject to the following conditions: defendant is permanently enjoined from determining any vi-olations, or assessing any penalties or fines, or issuing a conditional license, to plaintiff, for any matter arising out of the matters listed in the Proof of Service dated November 14, 1986.

863 F.2d at 526. That was bad enough, but the court's separate final judgment was not even consistent with that opinion. The judgment said: "IT IS ORDERED AND ADJUDGED that the defendant's motion for summary judgment is denied. Plain-tiff's motion for summary judgment is granted, and the pre-liminary injunction previously entered against defendant is hereby made permanent." *Id*. Complicating matters further, there was no actual preliminary injunction; there had been only an initial temporary restraining order that had been ex-tended by consent of the parties.

"This is a mess," we wrote. 863 F.2d at 527. There were clear problems under both Rule 65 and Rule 58. No document spelled out the requirements of an injunction without refer-ence to another document, and the actual judgment conflicted with the opinion. Regarding a separate document, we wrote:

> A judicial opinion is not itself an order to act or desist; it is a statement of reasons supporting the judgment. The command comes in the

> separate document entered under Fed. R. Civ.
> P. 58, which alone is enforceable. There must be
> a separate document, with a self-contained
> statement of what the court directs be done. So
> if the opinion contains language awarding de-
> claratory relief, but the judgment does not, the
> opinion has been reduced to dictum; only the
> judgment need be obeyed.

*Id*. at 527. All of that is clearly correct as far as it went, applied to the *final* judgment that was subject to the explicit separate-document requirement of Rule 58. Our opinion does not support extending such a requirement to interlocutory orders, much less to preliminary injunctions under Rule 65(d), which does not contain it.[3]

The strongest effort to offer a textual basis for a "separate-document" requirement for preliminary injunctions is in *Beukema's Petroleum Co. v. Admiral Petroleum Co.*, 613 F.2d 626 (6th Cir. 1979). That case was an appeal from a district court's opinion saying that "A preliminary injunction will be is-sued"—but none ever was. *Id*. at 628. Although the parties

---

[3] The majority also cites our en banc but non-precedential order vacating the grant of en banc review in the sanctuary-city case, *Chicago v. Sessions*, No. 17-2991 (7th Cir. Aug. 10, 2018) (en banc), where the order said that Rule 65 "requires a separate document setting forth the terms of such an injunction." We were talking there about a *permanent* injunction, which is ordinarily a final judgment subject to Rule 58's explicit separate-document requirement. The problem we faced in the August 10, 2018 order was that the district judge had said he *intended* to issue a permanent injunction but had not yet done it. He quickly did so, and on August 30, 2018, we dismissed as moot the appeal of the superseded preliminary injunction. That situation was much like that in *Beukema's Petroleum*, discussed next.

had treated that opinion as a preliminary injunction, the Sixth Circuit remanded the case for issuance of the order promised in the opinion.

*Beukema's Petroleum* relied not on Rule 65(d) but on Rule 54(a), which provides: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." *Beukema's Petroleum* relied on this provision to extend the separate-document requirement of Rule 58 to a preliminary injunction. 613 F.2d at 627 & n.1.

The result in *Beukema's Petroleum* was correct since the promised (or threatened) preliminary injunction had never been issued. But its Rule 54 rationale does not hold up—and points toward an unworkable rule—when extended according to its logic to every order subject to interlocutory appeal.[4]

The universe of nonfinal appealable orders is not small. Its exact bounds cannot always be determined in advance by a district court. The majority's rule would seem to require high-church, Rule 58-compliant separate documents, not only for *grants* of preliminary injunctions but also, for example, for

---

[4] *Beukema's Petroleum* also cited, as the majority does here, *Chief Freight Lines Co. v. Teamsters Local No. 886*, 514 F.2d 572, 578 n.6 (10th Cir. 1975), where the district court had made an oral statement purporting to grant a preliminary injunction but had not issued any written order doing so. See also *Furr's Cafeterias, Inc. v. NLRB*, 566 F.2d 505, 506–07 (5th Cir. 1978) (remanding where district court held hearing on motion for preliminary injunction and issued an order enjoining the NLRB from holding certain hearings and declaring "This is a final order and judgment."). Both of these cases presented conflicts between a district judge's different pronouncements. There is no such conflict here.

any order denying or "refusing to … modify" a preliminary injunction, 28 U.S.C. § 1292(a)(1), any mine-run Rule 12(b)(6) or Rule 56 order denying qualified immunity, see *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and every other collateral order subject to interlocutory appeal.

Are we ready to start remanding appeals from orders denying motions for preliminary injunctions for entry of a document, separate from an opinion explaining the judge's reasons? I hope not. Such omissions have heretofore escaped our every notice. See, e.g., *HH-Indianapolis LLC v. Consol. City of Indianapolis/Marion Cty.*, 265 F. Supp. 3d 873, 892 (S.D. Ind. 2017) (denying injunction with phrase "so ordered" at end of opinion), *aff'd*, 889 F.3d 432 (7th Cir. 2018). The drafters of the federal rules knew better than to insist on such formalisms. See Fed. R. Civ. P. 58 advisory committee's note to 2002 amendment ("The new all-purpose definition of the entry of judgment must be applied with common sense … ."); see also Fed. R. App. P. 4(a)(7)(B) ("failure to set forth a judgment or order on a separate document … does not affect the validity of an appeal from that judgment or order.").

The majority's "separate-document" addition to Rule 65(d) does not solve any problem not addressed by the express formal requirements in the rule. It does, however, raise some new problems. Neither the majority here nor any other opinion endorsing a "separate-document" requirement for preliminary injunctions explains how a district court is supposed to comply with both this non-textual requirement and the important, explicit requirement in Rule 65(d)(1)(A) that the preliminary injunction "state the reasons why it issued."

If we extend the separate-document requirement of Rule 58 to preliminary injunctions, what should a district judge do

with our repeated instructions that a Rule 58 final judgment should not contain legal reasoning? See, e.g., *TDK Electronics Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003); *American Nat'l Bank & Trust Co. v. Secretary*, 946 F.2d 1286, 1289 (7th Cir. 1991), citing *Reytblatt v. Denton*, 812 F.2d 1042, 1044 (7th Cir. 1987); *In re Behrens*, 900 F.2d 97, 99 (7th Cir. 1990); *In re Pahule*, 849 F.2d 1056, 1058 (7th Cir. 1988); *Foremost Sales Promotions, Inc. v. Director*, 812 F.2d 1044, 1045 (7th Cir. 1987). Perhaps the judge could say, of course, that "in accord with a separate opinion," the following parties are enjoined from the following conduct. But those two separate documents, an opinion and an injunction, are not a noticeable improvement on the combined "Opinion and Order" here.

More troubling is the majority's silence about the legal consequences of a district judge's failure to comply with this non-textual requirement. The majority and I agree we have appellate jurisdiction in No. 19-2200. See *Auto Driveaway*, 928 F.3d at 676–79. But is a decision in the form used here—combining findings of fact, conclusions of law, and specific terms of a preliminary injunction—valid and enforceable with contempt sanctions? Or is the enjoined party free to disregard it with impunity? Is the majority implying that Anheuser-Busch may start running the enjoined advertisements tomorrow? I hope not, for institutional reasons, but I cannot tell from the majority's order.

On a related note, even a violation of the textual separate-document requirement in Rule 58 is waivable. *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978). I hope the same is true for this non-textual requirement of a separate document, but the majority does not say. It remands, after all, on a point that it does not seem to treat as jurisdictional, yet a point that was

not raised by either party. If this supposed violation is not waivable, we are inviting a new flock of appeals over pointless formalism, or some high-stakes contempt cases. Cf. *Walker v. City of Birmingham*, 388 U.S. 307 (1967) (affirming criminal contempt convictions where demonstrators had violated temporary restraining order that was substantively unconstitutional). And if the court's orders were enforceable by contempt here despite the majority's finding of a formal error, what is the point of this remand?[5]

---

[5] Contrary to the majority's assertion, the parties did not acknowledge in oral argument that the district court "failed to comply with Rule 65(d)." This was a non-jurisdictional issue that surprised—even mystified—highly capable counsel on both sides. Counsel agreed only that there was no document satisfying the majority's (imagined) requirement. The supplemental briefs by both sides did not devote energy to arguing about the supposed requirement, but neither contended that a remand is needed on this basis. They presumably just want a ruling on the merits. Still, MillerCoors made this point diplomatically at page 13, note 2:

> MillerCoors respectfully notes some tension between this Court's interpretation of Rule 65(d), which requires the injunction to stand on its own in a separate document entered as a judgment under Rule 58, and the text of Rule 65(d), which requires that an injunction "state the reasons why it issued." Fed. R. Civ. P. 65(d)(1)(A). Combined with Rule 65(d)(1)(C)'s prohibition on incorporation by reference, this would seem to require that a stand-alone injunction *restate* any judicial reasoning that might otherwise be set forth in a separate opinion, resulting in an injunction that looks very much like the district court's May 24 Opinion and Order. That is, if the district court's May 24 Opinion and Order were simply retitled "Judgment," it would appear to comply with Rule 65(d) in all other respects.

Exactly.

In this case, the district court's preliminary injunction of May 24, 2019 was clear, unmistakable, and appealable. It complied with all the terms of Rule 65(d)(1). Until this case, we have used the "separate-document" language in cases that addressed real problems under Rule 65. That language has been harmless until now. Here, however, the majority finds that "enforcing the Rule is sufficiently important that we order a limited remand with instructions to enter the injunction on a document separate from the opinions." With all due respect, that importance is not evident to me, especially if the problem can be solved by having the district judge copy the text of his injunction of May 24 and paste it into a separate document. In the Supreme Court's words, "Wheels [will] spin for no practical purpose." *Bankers Trust Co.*, 435 U.S. at 385. If, on the other hand, the majority means that the district court's orders here have never been enforceable for want of a separate document (even though we have appellate jurisdiction), then we are inviting needless litigation in the future over this unjustified formalism.

II. *The September Orders*

This case is actually a little more complicated because of the orders the district court issued on September 4 and September 6 granting MillerCoors some preliminary injunctive relief concerning the packaging for BudLight. The district court had jurisdiction to issue its September 4 order first granting relief on packaging. That order did not really "modify" the May 24 injunction but was separate in content, providing additional relief.

The district court also had jurisdiction to issue its September 6 modification of the September 4 injunction. It was permissible under Rule 62(d), and it did not undermine the

integrity of the pending appeals. In a rare case where a district judge acts so as to undermine the integrity of a pending appeal, Rule 62(g) makes clear that a court of appeals has sufficient power to deal with the problem. We should treat these modification issues as case-management problems for the district court and for us, not as issues of jurisdiction.

The general rule, of course, is that only one court can have jurisdiction over a case at the same time. E.g., *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Cases with preliminary injunctions can complicate matters, though. Even after a notice of appeal for a preliminary injunction has been filed, the district court retains jurisdiction over other aspects of the case. The boundaries between what has been appealed and what remains before the district court may not be sharp. In this case, when the district court issued its May 24 injunction addressing the more urgent issue of the corn-syrup advertising campaign, the district court simply did not address MillerCoors' request for packaging relief. That topic had not been presented fully to the court at the time of the preliminary injunction hearing, so the court invited additional briefing. In September the court issued the new injunction.

If the September 4 packaging order is treated as "modifying" the May 24 order, as the judge wrote, Rule 62(d) authorized it. But the September 4 order is better understood as just a separate injunction. Nothing would have stopped MillerCoors from filing a new motion for a preliminary injunction on May 25, or stopped the district court from ruling on such a motion. There was no overlap between the relief ordered on May 24 and the relief sought on packaging. See *Adams v. City of Chicago*, 135 F.3d 1150, 1153–54 (7th Cir. 1998) (no jurisdictional bar to consideration of new motion for

preliminary injunction while appeal from first injunction is pending). There was no need for MillerCoors to have gone through separate formalities of filing a new motion for a new preliminary injunction. *Id.* (construing compliance with Circuit Rule 57 pragmatically as equivalent to new motion for new preliminary injunction).

The September 6 order modifying the September 4 packaging order poses a more controversial problem, but the answer should not be difficult. On September 5, Anheuser-Busch filed an emergency motion to vacate, modify, or stay the September 4 order. Dkt. 107. Also on September 5, Anheuser-Busch filed its notice of appeal for the September 4 order. Dkt. 110. On September 6, the district judge granted in part the emergency motion to modify.

It made good sense for the district judge to address the emergency motion immediately. Exercising equitable judgment, the judge sensibly intended for the September 4 packaging order to give Anheuser-Busch a brief but reasonable time to change its packaging and to avoid throwing away current inventory. The emergency motion persuaded the judge that, because Anheuser-Busch had used up its existing stock of packaging more quickly than expected, the September 4 order would not allow time for a smooth transition. It had instead put Anheuser-Busch immediately in violation, without an opportunity to comply. The judge therefore delayed by two months the effective date of the packaging order.

Given the urgency of that issue and the district judge's familiarity with the case, he was much better positioned than a motions panel of this court, entirely new to the case, would have been to address the problem immediately. In fast-

moving litigation over injunctive relief, no one should be too surprised when circumstances change quickly.

There is (or should be) no legal obstacle to such urgent and pragmatic modifications of a preliminary injunction pending an appeal. The broad language of Rule 62(d) allows it: "While an appeal is pending from an interlocutory order … that grants … an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Rule 62(d) is not *limited* to modifications tied to stays or bonds pending appeal. Rule 62(d) also fits together with Federal Rule of Appellate Procedure 8(a)(1), which provides in relevant part: "A party must ordinarily move first in the district court for the following relief: … (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." See also *Eli Lilly and Co. v. Arla Foods, Inc.*, 893 F.3d 375, 384 (7th Cir. 2018) (district court was authorized to modify injunction *in response to issues raised in appellant's opening brief*; district court's modifications aided the appeal by "resolving technical objections or clarifying imprecise wording"), citing *Dixon v. Edwards*, 290 F.3d 699, 709 n.14 (4th Cir. 2002) (district court retained jurisdiction to proceed as to matters "in aid of the appeal"). It would surely be odd for a district court to respond to a motion prompted by Appellate Rule 8(a)(1) by saying, "I don't have jurisdiction anymore."

Despite these textual provisions in the rules authorizing the district court's actions here, some circuits have added a non-textual gloss to these rules, saying that the district court's power over its own injunctions pending appeal is limited to acts designed to "preserve the status quo." See generally 16 Wright & Miller, Federal Practice & Procedure § 3921.2.

Wright and Miller show in detail why this line of cases should be questioned. Compare *Int'l Ass'n of Machinists and Aerospace Workers v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988) (repeating "status quo" gloss), and *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (adopting "status quo" gloss); with *id*. at 628 (Clark, J., dissenting) ("The rule [now Rule 62(d)] is clear and unequivocal; I see no justification whatever for the novel and restrictive gloss now placed upon it by my brothers."), and *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir. 1989) (district court had jurisdiction to enter order modifying injunction on appeal not only to preserve status quo but also to "preserve integrity of the appeal").

The non-textual "status quo" gloss has both metaphysical and pragmatic foundations. The metaphysical is the principle that only one court at a time may exercise jurisdiction over a case or portion of a case. Yet American federalism split the indivisible atom of sovereignty with a workable but sometimes complicated sharing of sovereignty. Similarly, federal courts can manage a little concurrent jurisdiction between trial and appellate courts when there are good reasons—and express textual authorization—to do so.[6]

The pragmatic foundation for the "status quo" gloss is a concern that a district judge could use her power under Rule 62(d) to interfere with an appeal, forcing the court of appeals and appellant to aim at a moving target. I agree with Wright

---

[6] The majority implicitly criticizes the district court for not using the procedure in Federal Rule of Civil Procedure 62.1 for modifying an order that is before the court of appeals. The majority's point begs the jurisdictional question, however. By its terms, Rule 62.1(a) applies only when the district court "lacks authority" to grant relief.

and Miller that this danger "seems more abstract than real."
§ 3921.2 at 69. In the rare case where a district judge seems to
be interfering with an appeal, Rule 62(g) makes clear that the
court of appeals retains ample power to take charge.

As with the Rule 65(d) issue, the parties are not confused
about their rights and obligations. The better course here is to
recognize that we are dealing with equitable powers and fast-
moving litigation. We and the district court are capable of
managing the case and the multiple appeals in practical and
legally permissible ways. We should not remand now. We
should promptly address the merits of MillerCoors' appeal of
the May 24 order (No. 19-2200), and we should order expe-
dited briefing and argument on the merits of the Anheuser-
Busch appeals from the September orders (Nos. 19-2713 & 19-
2782).